Bertrand vs. Knox et als.

39  431
118  496

## No. 9372.

### C. Paul Bertrand vs. N. King Knox et als.

A citation judicially held to be absolutely null is not sufficient to interrupt prescription running in favor of a defendant.

Hence, the citation served on a married woman, under a petition in which she is sued as a single woman, cannot subsequently, after the defendant is sued as a married woman and duly cited, be invoked as a citation sufficient to interrupt prescription.

Through such a citation the married woman was not made a party to the suit, and if the service of the legal citation is made after prescription has acquired, the defendant having been cited too late, the plea of prescription is good, and it will defeat the action

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Greeves*, Special Judge.

*Favrot & Lamon* for Plaintiff and Appellant.

*D. N. Barrow* and *Knox & Laycock* for Defendants and Appellees.

The opinion of the Court was delivered by

Poché J.   Plaintiff, as a judgment and mortgage creditor of Mrs. Adele Bory, brought this suit for the purpose of annulling and setting aside a judgment obtained by the defendant, Knox, against Mrs. Bory, his co-defendant, on the 18th of November, 1882, on the grounds, substantially, that said judgment was rendered by a court without jurisdiction, and that it was fraudulent and collusive between the parties thereto, at a time when the defendant therein was insolvent to her knowledge as well as to that of the plaintiff, Knox, to whom Mrs. Bory was not indebted at the time that the judgment was rendered.

The judgment of the District Court rejected plaintiff's demand, and he prosecutes this appeal.

This case was before us last year, and it was then remanded for the purpose of bringing into court Mrs. Bory, who was found to be a necessary party in the case.   The defect pointed out in plaintiff's proceedings was, in substance, as follows :

In his first and supplemental petitions he has omitted or failed to state that Mrs. Bory was a married woman, and, hence, citation was served on her as though she was a single woman, without joining her husband therein, and without an order of court authorizing her to stand in judgment.   Subsequently, more than a year after the suit had been pending, on an amended petition by plaintiff, stating that Mrs. Bory was married and that her husband was absent and in France, an order was made by the District Court, authorizing her to stand in judgment in the suit.   The order was not served on her, but immediately after its rendition a default was entered against her and the trial proceeded to judgment.

On appeal, this Court set aside the judgment as null and void for want of allegations making Mrs. Bory a party, and it was then held that by the mode of proceeding against her, she had not been made a party to the suit.   When the case reached the District Court, Mrs. Bory was served with the order authorizing her to appear and defend the suit.   She is now legally a party in the case.

But the delay incurred by the plaintiff in reaching that line of

attack, which was accomplished in July, 1886, has allowed the defendant, Knox, time to seek shelter behind another intrenchment.

We note here that Mrs. Bory has never made any defense or appearance whatever during the whole contest.

Her co-defendant, Knox, has interposed the plea of prescription of one year under the provisions of Article 1994 of the Code, which reads as follows :

"The action given by this section is limited to one year, if brought by a creditor individually, to be counted from the time he has obtained judgment against the debtor, if brought by syndics or other representatives of the creditors collectively, from the day of their appointment."

The right of Knox to plead this prescription derives from Article 3466 of the Civil Code, which provides, in substance, that all persons who may have an interest which can be subserved by prescription, have the right to make the plea even when they from whom they desire this right or title should renounce it. Giddens vs. Mobly, 37 Ann. 900, and authorities therein quoted. In this case Mrs. Bory has not renounced prescription, but her silence is equivalent thereto. Having in our previous opinion sustained Knox's plea that Mrs. Bory was a necessary party, we must consistently recognize his plea of prescription as to her.

It appears from the record that the two judgments which plaintiff holds against Mrs. Bory were rendered respectively on the 13th of December, 1883, and the 4th of January, 1884 ; hence, more than one year had elapsed in July, 1886, when the citation on Mrs. Bory was legally perfected.

But plaintiff's contention is that the service of citation on his original petition made on Mrs. Bory, on the 28th of February, 1883, and of his supplemental petition on the 12th of February, 1884, was sufficient in law to interrupt prescription, although confessedly insufficient to bring Mrs. Bory into court as a defendant.

In support of his contention plaintiff relies on a line of authorities in our reports which have "established a distinction between the technical sufficiency of a citation as a basis for the maintenance of proceedings and judgments, and its sufficiency for the purpose of interrupting prescription," and he confidently argues that his case is covered by the decisions which have held that a defective citation is sufficient to interrupt prescription.

But the conclusions announced in our opinion remanding his cause

do not simply qualify the defect of his proceeding as an imperfect citation, but they reach much further, and amply justify the inference that there was a total want of citation.

The fundamental error which the opinion discloses is that Mrs. Bory had not been made a party at all, and that, therefore, the paper served upon her, purporting to be a citation, was, in law and in fact, an absolute nullity.

The practical effect of the decision is that a petition asking for process on Mrs. Bory (apparently) a single woman, in her own rights, could not bring into court Mrs. Adele Bory, wife of Dr. Adolph Bory' a person absolutely incapacitated to become a party to a suit without the authorization of her husband, or in default thereof, that of the court.

After reciting the salient facts connected with the attempt to bring Mrs. Bory into court, the opinion contains the following language:

"We think a recital of the above facts sufficiently answers the question as to whether she was made a party to the suit. It could not be claimed that the judgment rendered by default had any validity or had any effect against her. And why? Because by any straining of the law it could not be reasonably asserted that she was ever a party to the suit. The proposition is not maintainable by law or reason that she was legally brought into court by the order of the tenth of March, 1884, more than a year after she had been served with a citation and of which order she was totally ignorant.     *     *     *     In the petition it was not stated that Mrs. Bory's husband was absent nor even that she was a married woman, and there was no prayer of course for her authorization. She was sued as a single woman.    *     *     *     We conclude therefore that Mrs. Bory was never legally a party to the suit, and we have shown that she was a necessary party."

The necessities of the present discussion required the foregoing copious quotation from our opinion, mainly for the reason that the case is reported only by syllabus. 38 Ann., P. 350; Bertrand vs. Knox, et al.

From the tenor of that opinion it appears clear to the legal mind that the question which concerned the court was an issue much more serious and more vital to the legality of the proceedings than the question involving merely the technical sufficiency of the citation. As already stated the court was called on to decide whether under the allegations and the prayers of plaintiff's three petitions, the process which had issued against, and had been served on Mrs. Bory, was sufficient under any circumstances to make her a party to a suit in which she was an indispensable or necessary party.

Hence, the court ruled that because she had been sued as a single woman, because the order predicated on the amended petition filed in March, 1884, did not allow her any delay for answering or for making her defence, and because the order of authorization in question had not yet been served on her, she had not yet been made a party to the suit at all, or in other words, that she had not been cited. Now such service was confessedly not made before the month of July, 1886, and it was therefore only at that time that she became a party to the suit, more than two years after the latest of the two judgments held against her by plaintiff. Hence the plea of prescription is good. Although that plea had been made before our previous decision was rendered it is plain that we were powerless then to entertain it. Holding as we did that Mrs. Bory was not before the court, a ruling on any other question would have been an idle and meaningless ceremony, and a ruling which would have been binding on no one.

It is that feature of the case, as determined in the language herein above quoted from our previous opinion, which removes the discussion beyond the scope of Article 3518 of the Civil Code, and clearly distinguishes the plea herein made from the issues decided in the cases on which plaintiff rests his greatest reliance.

In the case of Bush vs. Margaret Decuir and Husband, 11 Ann. 503, the court held that citation served on the wife, and not on the husband, was sufficient to interrupt prescription. But it appears that the defendant was sued as a married woman, that her husband was made her co-defendant, hence the plaintiff was not legally responsible for the neglect or omission of the clerk to issue citation for the husband. The service of the citation on the wife was lawful, and although incomplete, it was the beginning of a legally sufficient citation as the basis of a valid judgment, and as such sufficient to interrupt prescription.

The case of Satterley vs. Morgan, 33 Ann. 846, involved a plea of prescription in a suit for damages. The defect of the citation consisted in its being addressed to "Charles Morgan, New Orleans," the Sheriff's return showing service on "Charles Morgan, through A. C. Hutchinson, agent in person." On exception the suit was dismissed, with right reserved to plaintiff to obtain legal citation. When properly cited the defendant pleaded prescription, but this court held the previous defective citation as sufficient to interrupt prescription. It was shown in that case that A. C. Hutchinson was the agent of Morgan with authority to receive citation, it had been served on him; and the only error in the pleadings was to treat Morgan as a resident, and to

have omitted to state in the petition that Hutchinson was his attorney-in-fact.

This imperfect statement is sufficient to demonstrate the material difference between that class of cases and the issue now under discussion.

Our conclusions may operate a hardship on plaintiff, but they are the unavoidable results of his own laches—and through them we make a similar disposition of the case which was done by the District Judge, although we reach it through a different process of reasoning.

Judgment affirmed.

### CONCURRING OPINION.

#### I.

BERMUDEZ, C. J.    The right of Knox to set up the defense of prescription, to protect himself and not Mrs. Bory, appears unquestionable.

The law accords to all creditors and persons, who have an interest in the extinguishment of an allegation, the right to plead prescription for themselves, even if the person bound by the obligation should renounce such prescription.    R. C. C. 3466 ; C. N. 2225.

"Ce serait une erreur de croire que la prescription n'a d'effet qu'autant qu'elle est opposée par celui qui a prescrit et que c'est au profit de ce dernier une faculté personnelle.    *    *    Les créanciers peuvent exercer les droits de leurs débiteurs.    Bigot    Préameneu Disc. et Motifs, 8 Mars, 1804."

"Cette règle est une des conséquences de la règle générale qui réprouve, soit les dispositions et les arrangements frauduleux, conçus pour éluder des obligations, soit même des actes qui ne sont que le produit d'un penchant trop libéral, ou d'un faux calcul, lorsqu'ils tournent au détriment de personnes envers lesquelles on s'est obligé.    Dans tous les temps, cette classe d'individus a excité toute la solicitude des législateurs et des tribunaux.    Que deviendraient leurs droits, le plus souvent, s'ils étaient livrés à la discrétion des débiteurs ?    Vazeille Pres. No. 353.

"Il n'est pas d'un homme juste, de sacrifier ses obligations les plus étroites à celles qui ont moins de faveur et de force."    Troplong Presc. V. I. No. 100, Duranton V. 21, No. 152.

See, also, Larthet vs. Hogan, 1 Ann. 330 ; Succession of Gill, 6 Ann. 342 ; 2 Ann. 546, 367 ; 8 Ann. 505 ; 12 Ann. 661.

## II.

There can be no doubt that prescription may be interrupted by whoever has an interest to keep a claim alive, whether the debtor wishes or not, and that the presumption of remission or abandonment of the right may be rebutted and removed by showing and proving such interruption.

It is not, however, any act of the creditor that can produce that effect. The law requires that the debtor shall have been cited. This means that the creditor shall *sue* the *debtor*, and have the process of law properly and seasonably served on him.

If the debtor be an incapacitated person, such as a minor or a married woman, the creditor must, as a condition precedent to the service of the citation, put that debtor in a legal position to appear and defend himself, by making him legally a party to the suit, even where the same is brought before an incompetent court. C. P. 115, 118; R. C. C. 121, 124, 125, 3518.

If a suit is brought against a minor instead of being instituted against the tutor directly, or against a married woman, without joining her husband, neither the minor nor the woman being made a party and put in a condition to appear and defend the suit, it is evident that service on them of the process of court will not justify a default and confirmation of it, or a judgment rendered after appearance and answer. This is so, because the person cited had no capacity as such to appear or plead.

"Tout écrit de forme propre à faire annuler une assignation, est de nature à empêcher l'interruption de la prescription, sans qu'il y ait à rechercher s'il vient d'une faute grossière, ou s'il tient à l'inobservation de formalités trop minutieuses." Vazeille, No. 107.

"Il faudrait également regarder l'interruption comme non avenue, si la citation était donnée à une personne incapable de se défendre, ou à tout autre qu'a l'administrateur légal de ses biens." Duranton, V. 21, No. 266.

In the present instance, this Court, between the same parties, in this same suit, has decided that Mrs. Bory had never been made a *party*. It annulled the judgment rendered against her and remanded the case for the purpose of enabling the plaintiff to *make her a party* and serve the process of court.

This decision is not only authority, but constitutes *res judicata*.

Had the plaintiff originally asked that Mrs. Bory and her husband be cited, a service on her would have interrupted prescription (C. P. 192; Bush vs. Decuir, 11 Ann. 503); but this was not done. The

Bertrand vs. Knox et als.

omission is fatal. Hence, Mrs. Bory, not being a party to the suit originally, could not be legally served with a citation so as to interrupt prescription. This is so, for the plain reason that a mere citation served on one who is not a party to the suit, does not interrupt prescription.

The law relieves a creditor from defects in a citation served when they are not the results of his own acts, or not attributable to him; but it holds him responsible for any omission occurring by his fault or negligence. The penalty is the loss of his claim when the plea is set up.

As the plaintiff ought to have put Mrs. Bory, when he first sued on, in a condition to appear and defend herself, either by asking that her husband be cited, or by having her authorized by the court to do so during his absence (as was subsequently done), she was not a party; she was not in court; she had no right to protect herself judicially, and he must stand the consequences of his derelictions.

It is true, that the plea of prescription now insisted upon was previously before us; but we would not even consider it, as Mrs. Bory was not then a party to the suit, her presence being necessary.

The original citation did not interrupt prescription, and the plea set up is well maintained.

---

### DISSENTING OPINION.

FENNER, J. I dissent from the opinion and decree herein.

1st. The same prescription was vehemently urged by Knox when the case was here before, and, if the views now taken are sound, should they have been maintained? It was useless to remand the case to perfect the citation of Mrs. Bory, if the prescription pleaded by Knox was then a bar to the further prosecution of the suit under any subsequent proceedings.

2d. The citation of Mrs. Bory, though she was not, at the time of service, authorized either by the Court or her husband, even if not valid as a basis for proceedings and judgment, was, under well established jurisprudence, sufficient to interrupt prescription. Bush vs. Decuir, 11 Ann. 503; Satterlee vs. Morgan, 33 Ann. 846, and authorities there cited, in not one of which was the citation sufficient to make the defendant a party, or to bring him into court.

3d. The suit is one by a creditor to annul a judgment obtained by Knox vs. Mrs. Bory. There is no dispute that Knox was cited in

time, and even if Mrs. Bory was not, she is now cited, and does not plead prescription. There is no principle or authority supporting the right of Knox to interpose the plea for his co-defendant.

Art. 3466 C. C. and the decisions based thereon apply to a class of cases too different from this to give them the slightest application.

Todd, J., concurs in this opinion.