No. 12,855.

STATE EX REL. NEW IBERIA TELEPHONE EXCHANGE COMPANY VS. HON. FELIX VOORHIES, JUDGE, ET AL.

To be legal and valid a citation must be addressed to the company or corporation, and not to the president of the same.

The lack of a legal and valid citation is such a radical defect in the proceedings that it can be reached and corrected by *certiorari* exercised under the supervisory jurisdiction of the Supreme Court at any stage of proceedings.

APPLICATION for. Writs of *Certiorari* and Prohibition.

*Foster & Broussard* for Relator.

---

Respondent Judge *pro se.*

---

*Todd & Todd* for Respondent Edward Boyle.

---

Submitted on briefs May 30, 1898.
Opinion handed down June 21, 1898.

---

The opinion of the court was delivered by

WATKINS, J.   Relator complains of the legality and validity of the citation which was issued and served upon it, as defendant, in the

suit entitled Edward Boyle vs. New Iberia Telephone Exchange Company, in the First Justice Court of Sixth Ward of the parish of Iberia.

The claim of the relator is that the plaintiff, Boyle, filed his suit against it as a corporation domiciled and doing business in said parish, upon a small and unliquidated claim as the balance due on open account; and that its counsel at once excepted to the citation, and the exception was tried and overruled.

That its counsel filed an answer pleading a general denial, fully reserving its rights under its exception; and thereupon the case was fixed for trial, tried and decided in favor of the plaintiff, and its counsel prosecuted an appeal therefrom to the District Court, unsuccessfully.

Thereupon relator's petition affirms " that the judgment rendered by said justice court, and affirmed by the said District Court, is erroneous, illegal and absolutely null and void, and that all remedies given under the law have been exhausted by him, except this application to have said error and wrong corrected," etc.

Relator's counsel aver that the absolute nullity of the citation in the justice court, at which its exception was leveled, consists in the fact that, while suit was brought against it in its corporate capacity as indicated by its title, no legal citation was issued to or served upon it in the manner required by law.

The respondent returns that the supervisory power of the Supreme Court can not be resorted to, or used as a means of revising judgments of inferior courts " which have been rendered according to the rules of law and practice and possessed of jurisdictional authority, except when gross injustice has been done;" and he further returns that, in his opinion, " the citation complained of conforms, in all respects, with the requirements of Art. 1077, C. P.—this case originating in a magistrate's court, and that the provisions of Art. 179, C. P., do not govern the case," etc.

He further returns " that under Art. 857 a writ of *certiorari* lies and is only issued when the inferior judge refuses to hear a party or his witnesses, or where he has pronounced sentence without having cited him to appear."

The record of the magistrate's court shows that the citation complained of is of the following form, viz.:

" State of Louisiana, Parish of Iberia, First Justice Court, Sixth Ward.

" EDWARD BOYLE
" vs.
" NEW IBERIA TELEPHONE EXCHANGE, COR- ⟩No. 137.
PORATE UNDER LAWS OF LOUISIANA,
ROBERT F. HOGSETT, *President.*

" *To Robert Hogsett, President of the New Iberia Telephone Exchange:*

" You are hereby cited and required to appear in an action brought against the New Iberia Telephone Exchange, of which you are president," etc.

And the defendant's exception is "that it has never been legally cited, nor has any legal citation been served upon him."

On the trial in the magistrate's court no reasons were assigned, but in the District Court on appeal the respondent said:

" The court being of opinion that the citation excepted to is sufficient to bring the defendant corporation into court, possessing all the requirements of law, being addressed to the defendant corporation through its president," etc.

And entertaining that opinion he held that the ruling of the magistrate's court was correct and affirmed the judgment appealed from.

The point made and contended for by the relator's counsel is that the citation having been addressed " to Robert Hogsett, president of the New Iberia Telephone Exchange," is not a valid citation; that in order that it conform to the requirement of the Code it should have addressed to the New Iberia Telephone Exchange as defendant. C. P. 179.

The answer of the respondent, that the provisions of C. P. 1077 must control in all proceedings in magistrate's court, is without force, as that article simply requires that that officer shall upon the filing of a suit " immediately prepare a citation setting forth the amount and nature of the demand, (and) to call the defendant before him to answer said demands," etc., without making any requirement differing from those of C. P. 179.

In State *ex rel.* Yazoo & Mississippi Valley Railroad Company vs. Montegudo, Justice of the Peace, 48 An. 1417, the question presented herein was expressly decided and a writ of *certiorari* maintained.

In that case it was held that a citation addressed to the president of a railroad corporation is an absolute nullity, and a binding and

43

valid judgment can not be founded thereon. It should have been directed to the railroad company—citing the foregoing articles of the Code of Practice and Jacobs vs. Frere, 28 An. 625.

As we consider that decision exactly applicable, it is unnecessary to cite any other.

In that case we held that thus deciding would not result in the dismissal of plaintiff's suit, but merely operate a continuance of the cause for service under a legal and proper citation; and we annulled the judgment with a reservation of right in plaintiff to have the cause continued for service. We will adopt that course in the instant cause and enter a similar decree.

It is therefore ordered and decreed that our preliminary writ of *certiorari* be made peremptory, and that the judgment pronounced by the District Judge, and also the one rendered by the justice of the peace, be and the same are hereby annulled and set aside as absolutely null and void because of the illegality of the citation; but without prejudice to plaintiff's right to proceed to judgment upon a legal and proper citation, and that respondents be taxed with the costs of this proceeding.