No. 13,905.

STATE OF LOUISIANA EX REL. J. B. WATKINS VS. NORTH AMERICAN LAND AND TIMBER COMPANY.

### SYLLABUS.

In proceedings instituted to enable one interested to examine the books of the company, the defendant excepted, and averred that it had not been cited. The citation was addressed to the manager. The citation should have been addressed to the defendant, and not to its manager. Bertoulin vs. Bourgeois, 19 A. 360 ; State ex rel. R. R. vs. Justice, 48 A. 1417 ; McFadden vs. Sheriff, 49 A. 1359. The *mandamus* proceedings were directed against the manager and do not have the effect of curing the defective citation. A citation was issued and was subject to the objection urged.

The illegality of the citation renders it necessary to remand the case for further proceedings and for service of the writ of *mandamus* directed to the defendant company.

A PPEAL from the Fifteenth Judicial District, Parish of Calcasieu —*Miller, J.*

*Cline & Cline,* for Relator, Appellee.

*Pujo & Moss,* for Respondent, Appellant.

The opinion of the court was delivered by

BREAUX, J.  On this application for a writ of *mandamus,* relator avers that he, as a shareholder, is entitled to oyer of the books, records, accounts, and documents of the North American Land and Timber Co. (kept at the office of the company at Lake Charles) at all times while the office is open.

He asks for an alternative writ of *mandamus* against Austin V. Eastman, manager of the company, to compel him to give to the relator or his attorneys an opportunity to exercise the right he claims as just stated.  The alternative writ was issued and served on A. V. Eastman, manager of the North American Land and Timber Co.  Relator is a stockholder of the company.  He was not permitted, through an authorized agent, to examine the books and papers in accordance with his request.

The company excepted to the citation.  The exception was overruled. The manager intervened and, upon objection, his intervention was dismissed.  The ground of the exception overruled, as just stated, is that the citation is not directed to the respondent company. . The citation accords with the prayer of relator's application for a *mandamus* and is addressed to the manager.  Relator contends that a writ was issued and duly served on Austin V. Eastman, manager, together with a regular citation.  The return shows that citation and a copy of the petition were served.  No mention is made of a writ in the sheriff's return of service.. From this we must conclude that no writ was ever served.  The citation was not what the law requires.  It should have been directed to the defendant and not to the "manager of the North American Land and Timber Co., Ltd."  This court has always interpreted the article of the Code of Practice literally and it has always been held that citation should be addressed to the defendant.  Bertoulin vs. Bourgeois, 19 Ann. 360.  Recently this interpretation was affirmed, viz.: in State *ex rel.* Railroad Co. vs. Justice, 48 Ann. 1417, and in McFadden vs. Sheriff, 49 Ann. 1319.  In two of the cited cases, the one to whom the citation was addressed was the agent.  The court held that the citation was defective in form.  In the other cited case, the citation was addressed to the president of the corporation.  The court held that the citation

was not made out according to the prescribed form. Here the citation was addressed to one who was only the manager of the company. The authority of repeated decisions regarding citation strikes the one before us with absolute nullity in so far as defendant is concerned. Plaintiff sets forth in argument that the citation, although null, afforded no cause for objection as it was a mere surplusage. This position would have had some force, perhaps, if the writ had been served. We have seen that it was not served.

Assuming for an instant that the writ had been served, as urged by plaintiff, he would be bound by the citation which was issued although there was no need of a citation. Yet if a citation is issued by authority of plaintiff, he is not in a position to assert that it is a mere surplusage. Plaintiff has not sought to disavow the binding effect of the clerk's action in issuing a citation. He is therefore bound by it and cannot be heard to say to any effect in argument that it was not done with his sanction.

Be this as it will, the only process served on the defendant for the examination of books and papers being defective, there was nothing upon which to ground future proceedings. The defendant company may, as plaintiff avers in the brief, have excepted in its own name. The exception was well founded, and, in consequence, defendant cannot well be held to have appeared in the suit save for the purpose of having its nullity decreed.

If the writ had been served (as well as the citation) as relator says it was, we question very much if it would have been a legal service on the defendant company for it would have called on the manager alone to permit relator to examine the books and papers. The petition for the *mandamus* is directed exclusively against the manager and not against the defendant who should certainly, in our view, have been made a party. The manager alone answered this application. As he was on the ground and had charge of the books and papers, there was no good objection to his being a party defendant. He is therefore properly before the court, but his principal should also be brought into court by legal process which may be served on the manager, if he be the agent, under the article of the Constitution relative to the one upon whom to serve process. We must say that we have not found evidence of that fact in the transcript. The attempt of the manager to intervene, and the averments in this petition of intervention do not have the effect of putting the case at issue between relator and respondent.

The attempted intervention was the act of the intervenor alone and not of the company of which he was the manager.

We must add here that we are not inclined to the opinion that the proceeding, summary in character, as intended by relator, would have been changed by the citation, had it been legal, into an ordinary action. This court said in a proceeding for *mandamus* that plaintiff had not changed the proceedings into an ordinary action by asking for a citation to issue against the defendant. We decide that citation being the only process which was issued as before stated and that it being defective, defendant was not bound to answer before legal citation had been served.

In a case presenting analagous issues, this court did not dismiss the suit but remanded the case. We adhere to the ruling in the cited case. Railroad vs. Montegudo, Justice of the Peace, 48 Ann. 1417.

For these reasons, the judgment appealed from is annulled, reversed and avoided.

It is further ordered, adjudged, and decreed that this case be remanded to the District Court for amendment of the application for *mandamus* and in order that legal service may be made of the order or writ calling the defendant in court to show cause why plaintiff should not be permitted to examine the books and papers of the respondent company. The costs of this appeal are to be paid by the appellee, and the costs of the lower court are to await the final decision of the case.