Statement of the Case.
NICHOLLS, J.
The issues raised in this case are stated in the reasons given for judgment by the district judge; accordingly they are herein copied:
“This is a damage suit instituted by plaintiff against defendant corporation. Plaintiff asks in his prayer that defendant be cited through its proper officer; but a citation issued, addressed to Chas. O. Mouton, Mayor, etc. On exception of want of citation, the same was set aside under the following authorities. State v. Land & Timber Co., 105 La. 379, 29 South. 910, State v. Voorhies, 50 La. Ann. 671, 23 South. 871, State v. Montegudo, 48 La. Ann. 1417, 20 South. 911, and a new citation ordered to issue; the suit not being dismissed. Defendant was then properly cited, and filed the plea r of prescription of one year. This plea is good on the face of the papers unless prescription was interrupted by the service of the illegal citation, and the copy of the petition. The question then presented is whether the citation addressed to the mayor, and served on him. though confessedly not good for the purpose of obtaining judgment, yet was sufficiently valid for the purpose of interrupting the prescription claimed.
“Article 3518, Civ. Code, says: ‘A legal interruption takes place when the possessor has been cited to appear before a court of justice on account either of the ownership or of the possession and the prescription is interrupted by such demand whether the suit has been brought before a court of competent jurisdiction or not.’
“The question therefore hinges upon whether the defendant has ever been ‘cited’; the court having applied this article to cases of prescription of liberendi causa, as well as to cases of' ownership or possession. In State v. Voorhies, 50 La. Ann. 671, 23 South. 871, the court held that a citation addressed to the president of a corporation was invalid; that the invalidity of the citation was such a radical defect that the proceedings thereunder could be reached by certiorari. In State v. Montegudo, 48 La. Ann. 1417, 20 South. 911, the court held that a citation addressed to the president of a railroad corporation was an absolute nullity.
“In Schwartz v. Lake, 109 La. 1081, 34 South. 96, the Supreme Court holds, after a thorough review of the authorities, that the only way in which a defendant can be cited is under article 179 of the Code of Practice, and uses the following language: ‘There are not two ways of citing a defendant. There is but one way, ■ and it is that provided for by article 179 of the Code of Practice. Among other requisites there laid down for this citation are those that it shall be issued and signed by the clerk.’ Later it says ‘a citation is an order from the court to the defendant to appear and answer, etc.’ Turning to article 179, Code Prac., we find it must mention the name of the defendant to whom it is addressed, etc.
“If citation is absolutely essential to interrupt prescription, as held in Schwartz v. Lake, 109 La. 1081, 34 South. 96, .and if citation addressed to the president of a corporation is absolutely null, as held in State v. Land & Timber Co., 105 La. 379, 29 South. 91, State v. Montegudo, 48 La. Ann. 1417, 20 South. 911, and other authorities, and citation addressed to the agent is absolutely null (Jacobs v. Frere, 28 La. Ann. 625), it follows that such a citation as was issued herein was no citation at all, and therefore no interruption of prescription could take place as the party must be cited to interrupt same.
“This view is borne out by the decision in Bertrand v. Knox, 39 La. Ann. 431, 2 South. 63, where the court held: ‘A citation judicially held to be absolutely null is not sufficient to interrupt prescription running in favor of a defendant.’ While in that case, the defendant, a married woman, was sued as a femme sole, and possibly the rules of law are applied more strictly in her favor, yet the general doctrine is applicable, and supports the position taken by defendant.
“While I am loth to sustain the plea herein urged, believing that a more liberal construction should be placed upon the article of the Civil Code, under the old decisions, yet the Schwartz Case, practically overrules or explains these, and holds pointedly that the defendant must be properly cited to enable the plaintiff to show an interruption. While it is true there is some distinction between the sufficiency of citation to interrupt prescription, and to obtain a judgment thereon, yet I consider the Schwartz Case holding that if there are any mere formal defects in the citation, such as not giving the residence or leaving out some nonsacramental allegation technically required, then the citation would be goo'd and prescription interrupted ; but, if the citation is not addressed to the proper *497 party, or not signed by tlie clerk, it would be absolutely .void, and prescription uninterrupted.
Opinion.
Tbe plaintiff employed an attorney who prepared, on his behalf, a petition, in which he set forth his cause of action against the town of Lafayette, and prayed that it be cited through its proper officer, and that after due proceedings, a judgment be rendered against that town upon that cause of action. That petition was filed in court before prescription accrued. The plaintiff himself did everything he was required to do to keep his claim alive. No fault, lache, or negligence can he imputed to him. He certainly, by his action, negatived the idea that he had waived or condoned the tort, or that he had by his silence admitted the nonexistence of a right to demand damages. Were he to lose his claim, -it would be through the fault of an officer of the court, whom he had every reason to believe knew his duty and would perform it. The officer performed that duty, but only partially. He made out a copy of the petition as required by law, and he also issued a citation, though not one directed to the town of Lafayette. He placed those papers in the hands of the sheriff, who served them (such as they were) upon the mayor of the town.
There can be no doubt that through those papers he received judicial knowledge of the fact that the plaintiff had filed a demand against the town of Lafayette in the district court, what that demand was for, and what the petition prayed for. He was as fully informed on those points as if the citation which he received had been addressed to the town of Lafayette, and had been placed in his hands. He was the proper person and the only necessary person to whom that knowledge should be conveyed. The fact that the citation was not addressed to the-town of Lafayette did not do away with the knowledge which the papers, which were-actually served upon him, had conveyed. But as the citation, which was served upon him, did not order the town of Lafayette to-appear and answer the petition, he had to-wait until the town had been ordered to do so. The town was not bound to do so, and until it had been so ordered, the mayor was not called upon on its behalf to appear and answer, though he was fully informed of all the facts necessary to be known in the premises, nor to waive the right of the town, to decline taking action in the case until, the mandate of the court had been issued to it and reached him as mayor, and. therefore matters, so far as a prosecution of- the case was concerned, were held in-abeyance until that formality should be complied with. While we hold that matters for that purpose were stayed, we hold that the knowledge brought home to the mayor, who-was the proper person to whom that knowledge should have been conveyed, had the effect of interrupting the running of prescription.
We think the trial court erred in its conclusion. • It should have overruled the plea of prescription, and not dismissed the suit.
The judgment appealed from is therefore-annulled, avoided, and reversed, and, now rendering such judgment as the district court should have rendered, it is hereby ordered,, adjudged, and decreed that the plea of prescription filed herein be, and the same is, hereby overruled and rejected, and the cause-reinstated on the docket of the district court, and the cause remanded to it for further proceedings according to law; defendant-paying costs of appeal.