No. 5275.

First Circuit Appeal.

---

MRS. SUSIE E. ANDING. v. THE TEXAS & PACIFIC RAILWAY COMPANY.

(December 2, 1924, Opinion and Decree.)
(See 158 La. 412, 104 South. 190)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Pleading—Par. 77.**
Where plaintiff files a supplemental petition without obtaining "leave of court" as required by Code of Practice, Article 419 making the "Receivers of the T. & P. Railway," the defendants; the service of the supplemental petition and petition and citation is not sufficient to interrupt prescription because "leave of court" was not obtained.

2. **Louisiana Digest, Prescription—Par. 192; Citation and Appearance—Par. 6.**
Where there is no prayer in the petition that the "Receivers of the T. & P. Ry." be cited in the capacity of defendants to answer and where there is nothing in the petition to indicate

that the "Receivers of the T. & P. Ry." injured the plaintiff; a citation on "Receivers of the T. & P. Ry." will not interrupt prescription.

(Code of Practice, Arts. 178, 179 Editor's note.)

3. **Louisiana Digest, Citation and Appearance—Par. 30.**

The sheriff's return on a citation that he "served ——— a copy of the within citation and accompanying petition etc.," where there were two petitions is insufficient.

Appeal from the Twenty-seventh Judicial District, Parish of Assumption, Hon. Sam A. LeBlanc, Judge, on petition for rehearing by plaintiff and appellant.

This is a damage suit against the "Receivers of the T. & P. Ry."

Judgment for defendant and plaintiff appealed.

Judgment affirmed.

ELLIOTT, J. Plaintiff petition for rehearin the above case has been considered very closely and many cases examined in connection therewith. The cases Satterley vs. Morgan, 33 La. Ann. 846; Schwartz vs. Lake, 109 La. 1081; 34 South. 96; Gueble vs. Town of Lafayette, 118 La. 494; 43 South. 63; Babin vs. Lyons Lumber Co. 132 La. 873; 61 South 855,, appear to be the most pertinent to the question whether the prescription of one year was interrupted against the Receivers of the Texas & Pacific Railway Company by plaintiff's 1st supplemental petition and the citation issued and service made pursuant thereto.

Plaintiff's 1st supplemental petition does not purport to amend the original petition; except to say that the Texas & Pacific Railway Company was in the hands of Receivers at the time her cause of action accrued and was still in their hands.

If her 1st supplemental petition had alleged that the Receivers had injured her and her original petition had been annexed thereto and made part thereof, the citation of the Receivers prayed for and judgment asked for against them, the original suit would have been changed to a suit against the Receivers, which plaintiff could do without leave of the court. Plaintiff did not do this; yet she can not amend her original petition so as to proceed on it as amended without "leave of the court" C. P. Art. 419; Trahan vs. McMannus, 2 La. 209; Baines vs. Higgins, 2 La. 220; James Callaway vs. Benjamin Webster, 1 R. 553; Tullos vs. Lane, 45 La. Ann. 333; 12 South. 508, and she did not obtain the leave of the court nor leave of the Receivers to amend; therefore her case depends on her 1st supplemental petition as being a suit against the Receivers.

In connection with the question we are considering the language found in the Mc-Cubbin vs. Hastings, 27 La. Ann. 713, to the effect: "That demand is the test and not the sufficiency of the allegations which support it;" does not apply because in that case there was a demand against the party against whom judgment was sought. In this case plaintiff's 1st supplemental petition prays that said Texas & Pacific Railway Company be cited through said Receivers to appear and answer said original petition and this supplemental petition and for judgment against said defendant railway company and against its said Receivers as such; but there is no allegation in either petition to the effect that plaintiff was injured by the Receivers. We do not regard her prayer for judgment as one against the Receivers in the capacity of defendants who had injured her as they are not alleged to have done so. Nor does she pray that the Receivers be cited in the capacity of defendants to answer for any injury they have done her.

Another matter; the citation on the demand of her 1st supplemental petition is addressed to the ."Texas & Pacific Railway Company through John L. Lancaster and Charles L. Wallace, its receivers, etc. As the Receivers are not alleged to have injured . plaintiff we do not regard this as a citation to them to appear and answer on account of same." C. P. Arts. 178 and 179.

The citation in question says—"to comply with the demand contained in the petitions, of which a certified copy accompanies this citation or deliver your answer to the petitions."

The sheriff's returns on this citation that he "served a copy of the within citation and accompanying petition on the Texas & Pacific Railway Co. through J. L. Lancaster and C. L. Wallace its receivers by leaving same in their office in the hands of chief clerk.

We do not regard this return as showing service on the Receivers in the capacity of defendants, etc., and it cannot be said from the face of the return whether the sheriff served a copy of the original petition or a copy of the supplemental petition; the language does not imply that he served by one. It would require an amended return to show the truth and facts.

The result should a hearing be granted, the judgment appealed from set aside and the case remanded with instructions that the sheriff be permitted to amend his return so as to show the truth and fact has been considered.

We have concluded that after all; an interruption of prescription as against the Receivers would not be shown under the law and that our opinion herein handed down affirming the judgment appealed from is correct and should therefore stand.

It is therefore ordered that the rehearing prayed for by plaintiff and appellant be and the same is hereby refused.