## NORWICH UNION INDEMNITY CO. v. JUDLIN AND WHITMIRE

---

(October 24, 1927. Opinion and Decree.)
(December 5, 1927. Rehearing Refused.)
(January 20, 1928. Writ of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest — Prescription — Par. 192, 193, 195, 203; Judgment—Par. 9.**
A citation addressed to and served on Peter Judlin, though not sufficient to base a judgment against Peter Judlin, Inc., was sufficient to interrupt prescription against the latter.

2. **Louisiana Digest—Appeal—Par. 588.**
An appeal in a suit against Peter Judlin divested the court of jurisdiction of the case against him but not against Peter Judlin, Inc., which was not then a party to the suit.

Appeal from First City Court, Division "B". Hon. V. J. Stentz, Judge.

Action by Norwich Indemnity Co. against Peter Judlin and Wm. Whitmire.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Eraste Vidrine, of New Orleans, attorney for plaintiff, appellee.

Spearing & Mabry, of New Orleans, attorneys for defendant, appellant.

REASONS FOR JUDGMENT

CLAIBORNE, J. This suit was originally brought against Peter Judlin as owner of a certain truck.

He was served personally on April 20th, 1926.

He filed an answer denying the allegations in each paragraph of plaintiff's petition.

There was judgment against him.

He appealed to this court under No. 10,802.

The judgment was reversed and judgment rendered in his favor on the ground that the truck belonged to Peter Judlin, Inc.

On April 8th, 1927, plaintiff filed a supplemental petition in the original suit asking for citation and judgment against Peter Judlin, Inc.

Peter Judlin, Inc., was cited on April 9th, 1927, by service on "Peter Judlin Presdt".

In the original suit, Peter Judlin had testified that he was president of Peter Judlin, Inc.

Peter Judlin, Inc., among other pleas pleaded the prescription of one year.

The tort sued on was committed on December 3, 1925; the citation addressed to and served on Peter Judlin on April 20,

1926, though insufficient to base a judgment against Peter Judlin, Inc., was sufficient to interrupt prescription against the latter.

Campbell vs. Hart, 118 La. 494, 43 So. 533;

Babin vs. Lyons Lbr. Co., 132 La. 874, 61 So. 855.

The citation to Peter Judlin, Inc., was served upon the latter on April 9, 1927, less than a year since the service on Peter Judlin. Prescription had not accrued in favor of Peter Judlin, Inc. Plea of prescription is therefore overruled.

The appeal in this suit against Peter Judlin divested the court of jurisdiction of the suit against him but not against Peter Judlin, Inc., which was not then a party to the suit.

On the merits plaintiff is entitled to judgment.