In my opinion, the plea of prescription was properly overruled by the trial judge for the following reasons:
The record shows that Mr. C.S. Churchill is the president and general manager of Evan-Hall Sugar Cooperative, Inc., and the general manager of the Triangle Farms, Inc.; that both corporations are operated from the same office with some of the office employees working for both corporations, the bookkeeper in the office being paid jointly by the two companies and keeping the books and making up the payrolls of both companies for the employees; that the employees are paid from the common office of the two companies, and Churchill works for and is the manager of both corporations. The Evan Hall corporation operates the sugar factory, and the Triangle Farms corporation operates the farm adjoining the factory on which sugar cane is grown for the factory. On a payroll sheet introduced in evidence under the words "Triangle Farms, Inc.," follows this statement: "Pay Roll for Evan Hall Plantation for the Two Weeks Ending April 3, 1941." And the bookkeeper for the two companies testified that the "Evan Hall Plantation is owned by the Triangle Farms, Inc." The name of the deceased, Willie Lunkin, appears on this pay roll as an employee.
From the above it will be seen that the two corporations are under the same general management and are operated from the same office, and I can hardly conceive of two separate corporations being more closely related in their operations and still retain their separate legal entity. As corporations operate through their officers, agents and employees, it follows that the knowledge of the managing officers and agents of the Evan-Hall corporation relative to the filing of the suit against that corporation by the plaintiff in March, 1942, and the nature of the claim therein presented, was also the knowledge of the Triangle Farms corporation. That knowledge continued up to the time that the first suit against the former corporation was dismissed and the second suit filed against the latter corporation on exactly the same cause of action.
The citation in both the first suit and the second suit was served on Churchill, the proper person and the only necessary person to whom full knowledge of the nature of plaintiff's claim should be conveyed and who was the proper person to resist the claim whether prosecuted against the one or the other corporation. By the service of the papers on him in the first suit, Churchill received judicial knowledge of the fact that plaintiff was pressing a claim for compensation, as well as the nature of that claim. He was as well informed relative to the nature of her claim in that suit as he would have been had the suit been directed against the Triangle Farms, Inc. While the first suit was not sufficient to serve as the basis for a judgment against the Triangle Farms, Inc., because of its separate legal entity from that of the Evan-Hall corporation against which the first suit was erroneously brought, yet that suit was sufficient to serve as an interruption of prescription running in favor of the former corporation. Gueble v. Town of Lafayette, 118 La. 494, 43 So. 63.
There is nothing to indicate that there was any intention on the part of either *Page 349 
corporation to mislead the plaintiff, but the fact that these two closely related corporations saw fit to operate their business under one general management and from one central office was calculated to lead the ordinary employee to believe that there was no difference in the one from the other. Even though the factory was known as Evan-Hall and the farming operations as the Triangle Farms, there was no reason for the employees of either to know of the thin coating of separation arising from the legal fiction of separate entities.
In my opinion, the filing of the suit for compensation against the Evan-Hall corporation under the circumstances above outlined was sufficient to keep alive plaintiff's claim against the Triangle Farms corporation for one year after that suit was dismissed in October, 1942, and as the present suit was filed within a year from that date, the prescription provided by Section 31 of the Compensation Law (Act 20 of 1914 as amended) had not run. Harris v. Traders General Ins. Co., 200 La. 445,8 So.2d 289.
In the case of Jackson v. American Employers' Ins. Co.,202 La. 23, 11 So.2d 225, it was held that the one year prescription in a damage suit was interrupted where one of a group of three separate insurance companies operating from the same office, with a common office force and under the management of the same claim agent was erroneously sued, the court holding that, although the suit was brought against the wrong corporation against which no judgment could be rendered, yet the filing of the suit gave sufficient notice to the company which wrote the policy to interrupt prescription.
It has been held that the filing of a suit against an individual is sufficient to interrupt prescription against a corporation on the same cause of action where the individual is the president of the corporation and thus receives judicial knowledge of the nature of the claim on which the suit is based. Norwich Union Indemnity Co. v. Judlin et al., 7 La.App. 379. Likewise where a defendant is sued as a corporation and the citation is served on the sole owner of the company, and it develops that the company is not a corporation, although the suit cannot serve as the basis of a judgment against the non-existent corporation, yet it will serve as an interruption of prescription on the same cause of action against the sole owner of the company. Mitchell v. Sklar, La.App., 196 So. 392.
It is urged that in any event, if there was any interruption of prescription by the filing of the first suit, this interruption could not extend beyond the time of the trial of the first suit in June, 1942, when it was shown by the testimony that the deceased was not employed by the Evan-Hall Sugar Cooperative, Inc., but that he was employed by the Triangle Farms, Inc. However, the plaintiff had a right to have the question as to whether the proper party had been sued decided by the court. The Triangle Farms, Inc., was not a party to that suit and did not make any admission in any pleadings filed therein that the deceased was in its employ, and in view of the close relationship of the two corporations in their operations there was reasonable grounds to doubt just which one was a proper defendant.
For these reasons, I respectfully dissent.