DOMENGEAUX, Judge.
Henry Gradney filed this suit on February 6, 1978, for damages allegedly due to injuries received in a work related accident which occurred on February 9, 1977. The petition alleges that plaintiff was injured when he was struck by a “gin-pole” mounted onto a truck, which was then being used to pull a pipe out of the ground. The truck was owned by Eldridge Vidrine, and was leased by him to plaintiff’s employer, Leland Vidrine.
Plaintiff brought suit against Southern Farm Bureau Casualty Insurance Company, hereinafter referred to as Southern Farm Bureau, alleging that it had issued a general liability policy to the owner of the truck, Eldridge Vidrine, which would provide coverage for the accident. Additionally, the workman’s compensation insurer, American Insurance Company, hereinafter referred to as American, filed a petition of intervention on February 8, 1978, in order to be reimbursed for the compensation benefits it had paid to plaintiff.
Southern Farm Bureau filed a motion for summary judgment seeking to dismiss the principal demand, on the ground that it had not issued a liability policy to Eldridge Vid-rine. This motion was supported by an affidavit by the underwriting manager of Southern Farm Bureau, John Acaldo.
Before this motion was ruled upon, plaintiff filed an amended and supplemental petition, which amended the original caption of the petition to read “Henry Gradney v. Louisiana Farm Bureau.” Plaintiff also substituted the Louisiana Farm Bureau in lieu of Southern Farm Bureau throughout the original petition. American, however, did not amend to include Louisiana Farm Bureau in its intervention.
Louisiana Farm Bureau filed an exception of no right of action, on the ground that it was not an insurer of any of the parties. Plaintiff then filed a second amended and supplemental petition, naming as defendant the Louisiana Farm Bureau Mutual Insurance Company, hereinafter referred to as Louisiana Farm Bureau Mutual, alleging that this was the insurer which had issued the policy providing coverage for Eldridge Vidrine. The second amended petition was filed on May 4, 1978, which was more than one year after the date of the accident.
American, on May 19, 1978, also filed an amended and supplemental petition of intervention, adding Louisiana Farm Bureau Mutual, the correct insurer, as a defendant, in addition to the previously named defendant in intervention, Southern Farm Bureau.
*214 Louisiana Farm Bureau Mutual filed an exception of prescription against plaintiff’s main demand and against American as the intervenor.
The trial judge fixed all exceptions and motions for hearing, and made the following disposition of them:
(1) The exception of no right of action filed by Louisiana Farm Bureau was sustained and the suit dismissed as to that defendant. This ruling is not contested on appeal.
(2) The exceptions of prescription filed by Louisiana Farm Bureau Mutual against both the plaintiff’s main demand and American’s intervention were sustained, and the plaintiff’s demands and American’s intervention were dismissed as to Louisiana Farm Bureau Mutual.
(3) The trial court granted Southern Farm Bureau’s motion for summary judgment dismissing American’s intervention against it.
From judgment in accordance with these rulings, both plaintiff and the intervenor appeal.
The issues presented on appeal are:
(1) Whether the trial court erred in sustaining the exception of prescription filed by Louisiana Farm Bureau Mutual against both plaintiff and intervenor, and
(2) Whether the trial court erred in sustaining the motion for summary judgment against the intervenor, since the motion was made only against plaintiff.
I.
The right to bring an action for offenses and quasi offenses prescribes in one year. La.C.C. art. 3536. Prescription is interrupted “by the commencement of a civil action in a court of competent jurisdiction in the proper venue.” La. R.S. 9:5801.
Plaintiff and intervenor contend that the filing of the original pleadings on February 6, 1978, within one year from the date of the accident, naming Southern Farm Bureau as a defendant, interrupted the running of prescription against Louisiana Farm Bureau Mutual. On the other hand, defendant, Louisiana Farm Bureau Mutual, contends that the original pleadings naming Southern Farm Bureau as a defendant did not interrupt the running of prescription against it.
We hold that both plaintiff’s and interve-nor’s claims have not prescribed,and we reverse the District Court’s judgment in this regard.
The situation in the instant case is very similar to that presented in Jackson v. American Employers’ Insurance Company, 202 La. 23,11 So.2d 225 (1942). In Jackson, the plaintiff sought to recover for the personal injuries sustained by plaintiff’s minor child, who had been hit by an automobile owned and operated by defendant’s insured. Suit was filed within one year after the accident, but the defendant named therein was the Employers’ Liability Assurance Corporation, Ltd. Actually, the policy had not been issued by that defendant, but was issued by the American Employers’ Insurance Corporation, against which suit was not brought until more than one year after the accident. The relationship between the Employers’ Liability Assurance Corporation, Ltd. and the American Employers’ Insurance Corporation was fairly close, and described by the Supreme Court as follows:
“The Employers’ Liability Assurance Corporation, Ltd., against which the first suit was brought, and the American Employers’ Insurance Company, against which the present suit was brought, are separate and distinct corporations. But the two corporations, together with the Employers’ Fire Insurance Company, are doing business in this state and throughout the United States as a group of insurance companies under the title “The Employers’ Group, of Boston, Massachusetts”. Their letterhead bears that title, and in the upper right-hand corner the three members of the group are listed, the Employers’ Liability Assurance Corporation, Ltd., being at the top of the list, the Employers’ Fire Insurance Company being next on the list, and the American Employers’ Insurance Company being *215 third on the list. The letterhead discloses that the group of companies, or each one of the three companies, has one and the same office for its claim department, which is indicated on the letterhead thus: “Gulf Claim Department, Hibernia Bank Building, New Orleans, Louisiana”. The three companies have one and the same agent, namely, the Secretary of State, for service of process upon any one of them. They have the same local attorneys, and have one and the same manager of their claim department, and one office and one force of employees for that department. The three companies have the same telephone number, Magnolia 4154, listed in the telephone book under the name of each company. As to two of the companies, namely, the Employers’ Liability Assurance Corporation, Ltd., which was sued originally, and the American Employers’ Insurance Company, defendant in this suit, the telephone number is listed as being in their “Underwriting and Claims Department”. These facts, showing the close business relation of the group of companies, are disclosed by the record and were admitted frankly in the argument of the case. The attorney who brought the first suit died before it came to trial. The attorney who succeeded him as attorney for the plaintiff was unable to explain why that suit was brought against the wrong company, but assumed that the cause of the mistake was that the company against which the suit was brought is the only one on the list whose name indicates that it is a liability insurance company.”
11 So.2d at pp. 225-226.
The Supreme Court found that plaintiff’s claim had not prescribed, stating the following:
“The original suit, having been brought against the company that had not issued the policy, could not have resulted in a judgment either against that company or against the company that had issued the policy. But the filing of the suit gave sufficient notice to the company that had issued the policy to interrupt prescription. The causes for which the attorney for the plaintiff was misled until the period of prescription had run are attributable to the method of doing business by the claims department of both the defendant in this suit and the defendant in the original suit.”
11 So.2d at p. 226.
The facts of the instant case bear striking similarity to those presented in Jackson. Although Louisiana Farm Bureau Mutual and Southern Farm Bureau are separate insurance companies, both do business in Louisiana under the title “Farm Bureau Insurance Companies.” Southern Farm Bureau and Louisiana Farm Bureau use the same letterhead. That letterhead has in large type the name “Farm Bureau Insurance Companies.” Beneath this, in smaller type, appears “Southern Farm Bureau Casualty Insurance Company,” “Louisiana Farm Bureau Mutual Insurance Company,” and “Louisiana Farm Bureau Agency.” All three companies have the same address in Baton Rouge, Louisiana. Mr. Willard J. Fontenot testified that he is the agency manager for the Farm Bureau Insurance Companies in Ville Platte. His agency is located in the Evangeline Parish Farm Bureau Building. The companies are listed in the telephone directory as “Farm Bureau.” Fontenot testified that he sells insurance for both Louisiana Farm Bureau Mutual and Southern Farm Bureau. He also testified that when a client requests insurance from Farm Bureau, the home office in Baton Rouge would determine which company would issue the policy. Both companies use the same adjuster in Evangeline Parish and the same attorney. Finally, it was stipulated at trial that the two companies have the same agent for service of process, namely the Secretary of State.
Under the circumstances presented, we think that the rationale and holding set forth in Jackson is applicable to our instant situation, and, therefore we reverse the judgment of the District Court with reference to prescription.
Defendant argues, however, that certain factors were present in Jackson, which *216 makes that case distinguishable from the case at hand. It calls our attention to the fact that, in Jackson, there was written communication between the claims manager for the insurance companies and one of plaintiff’s attorneys, which may have lulled plaintiff into a belief that the proper defendant was being sued. In the instant case, there was no such communication. It also points out that at the time of the filing of the first suit in Jackson against the wrong insurer, the precursor to La. R.S. 22:1522,[1] Act No. 371, Section 1 of the 1940 Legislative Session, which allows one to find out the name of an insurer in compensation matters from the Louisiana Rating Commission, was not in effect.
With reference to the communication which took place in Jackson, the original attorney there made written demand of his client’s claim, and the claims manager of the three companies sent a letter of reply stating that he would be willing to discuss the matter. Although the Supreme Court placed some emphasis on the communication, we do not feel that this was the decisive factor which moved the court to overrule the plea of prescription. A reading of the opinion shows that the court felt that plaintiff’s attorney was misled by all of the factors by which these companies appeared to be intertwined. This is apparent from the following language:
“The causes for which the attorney for the plaintiff was misled until the period of prescription had run are attributable to the method of doing business by the claims department of both the defendant in this suit and the defendant in the original suit. There is no accusation— and no evidence or suggestion — of any wilful deception on the part of the manager of the claims department of the Employers’ Group. But, in the circumstances of this case, it would be unjust to hold that the filing of the original suit did not interrupt prescription.” [Italics added][2]
Furthermore, the court in Jackson expressly cited as precedent the cases of Norwich Union Indemnity Company v. Judlin and Whitmire, 7 La.App. 379 (Orl.App. 1927), writ denied January 20, 1928, and Gueble v. Town of Lafayette, 118 La. 494, 43 So. 63 (1907). Norwich involved a situation where an individual was sued instead of his corporation, and Gueble involved a situation where the Town of Lafayette was properly named as a defendant, but service was erroneously made on the Mayor of Lafayette. The respective courts in those cases rejected pleas of prescription, despite the fact that there was no indication of any misleading or lulling communication prior to the tolling of the prescriptive period. See also, Lushute v. Diesi, 343 So.2d 1132 (La.App. 3rd Cir. 1977), affirmed in part, but reversed in part on other grounds, 354 So.2d 179 (La.1977). (Court of Appeal resolution of prescription issue expressly affirmed).
With reference to the fact that the attorney did not avail himself of La. R.S. 22:1522, in order to find out the name of the correct attorney, it is also true that the Jackson case specifically stated that the attorney there could not have availed himself of that statute because it was not yet in effect at the time of the filing of the original suit. That statute was in effect in our case; however, under the circumstances presented, where the defendant’s mode of *217 doing business effectively blends together its various sister companies, as a practical, if not legal, matter, we do not think the interest of fairness would be served by dismissing plaintiff’s suit.
In summary, when one sifts through technical rules, the essence of the interruption of the running of prescription is whether the defendant has had notice of the legal proceedings based upon the claim involved. Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973); Lushete v. Diesi, supra. In the instant case, it seems clear that even though the wrong defendant-insurer was named originally, the proper defendant-insurer was apprised of the suit. There is no indication that any prejudice or injustice will result by allowing plaintiff to proceed with his case. In fact, it would be unjust not to allow him to proceed. Thus, we will reverse the judgment of the trial court which sustained defendant’s exception of prescription.
II.
The second and last issue deals with the action of the trial court in dismissing American’s intervention on the basis of Southern Farm Bureau’s motion for summary judgment. We hold that this was error.
First, the motion for summary judgment filed by Southern Farm Bureau clearly sought only the dismissal of plaintiff’s principal demand. The pleading did not seek dismissal of American’s intervention. We, therefore, feel that the motion could not have been used as a basis for dismissing the intervention.
Secondly, although plaintiff’s demand against Southern Farm Bureau fell when he substituted Louisiana Farm Bureau in its stead in the first supplemental and amending petition, the intervenor’s demand did not thereby fall. An intervention does not fall solely on the ground that the main demand falls, under La. C.C.P. art. 1039, which provides:
“If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action.”
See also Verbois v. Howard, 322 So.2d 110 (La.1975), and Billedeaux v. Adams, 355 So.2d 1345 (La.App. 3rd Cir. 1978).
Therefore, we hold that the trial court erred by dismissing the intervention of American under the circumstances presented. Since the intervention against Southern Farm Bureau has not been properly disposed, the suit will be remanded for the purpose of preceding in this regard also.
For the above and foregoing reasons, the judgment of the District Court which sustained the exceptions of prescription filed by Louisiana Farm Bureau Mutual Insurance Company is hereby reversed. The judgment dismissing the intervention filed by the American Insurance Company against the Southern Farm Bureau Casualty Insurance Company is also reversed. It is hereby Ordered that the case be remanded to the District Court for further proceedings in accordance with the views expressed herein. Costs on appeal are assessed one-half against the Louisiana Farm Bureau Mutual Insurance Company, and one-half against the Southern Farm Bureau Casualty Insurance Company.

REVERSED AND REMANDED.

CUTRER, J., dissents with written reasons.

. La. R.S. 22:1522 provides in part:
“The Louisiana Insurance Rating Commission shall furnish to any person, or his attorney, upon request, the name of the employer’s insurers in compensation matters, the name of the insurer in personal injury claims, and the provisions and condition of coverage in the policy or policies of insurance. . . . ”
(Repealed by Act 543 of the 1978 Regular Legislative Session.)

. We are aware of a more recent case than Jackson, which reaffirmed the principles found therein. In Dickinson v. Maryland Casualty Company, 364 So.2d 179 (La.App. 1st Cir. 1978), writ denied 366 So.2d 561 (La.1979), the plaintiff sued the wrong insurer of a group of insurers within one year, and later amended the suit in order to include the proper insurer after one year. Although there was extensive negotiations and communication between the parties, it does not appear that the court would have declined to follow Jackson had there been no such communication between the parties.