ROBERT B. WOODWORTH *v.* CHARLES LEMMERMAN, E. JOUBLANC, f. m. c., J. L. LEWIS and J. P. FRERET, late Sheriffs, and MANDEVILLE MARIGNY, Sheriff.

A judgment *in rem* cannot be executed to the prejudice of third persons, upon any other property than the specific property attached.

The Code of Practice makes it the imperative duty of the Sheriff in suing out a writ of attachment to *seize* and *detain* the property of the debtor, whether it consists of goods, effects, rights, credits or right of action. C. P. 256.

He must take charge and *keep possession* of all the goods and effects, which he may have attached, with the exception of such sums as may be due by the garnishee, and he must make in the presence of two witnesses, an exact and minute inventory of the same, to be returned with all his doings to the court. C. P. 257.

Written evidences of debt, like all corporeal movables, must be reduced to manual possession by the Sheriff, to constitute a valid seizure; but if they cannot be laid hold of, because they are in the hands of a third person, who cannot or will not deliver them up, the only mode of procedure is to cite such person as a garnishee.

A debt not evidenced by writing, is attached by making the debtor a garnishee.

Without an actual seizure or a citation in garnishment, there can be no attachment, therefore, *Held:* That service of a mere *notice* on the clerk, who is the legal custodian of the records of his court, or even on the debtor against whom a suit is pending, is not a legal mode of attaching property, and is no more effective, than publication in a newspaper.

APPEAL from the Fifth District Court, *Augustin,* J.

*T. A. Bartlette,* for plaintiff and appellant. *L. Castera,* for *E. Joublanc. M. Blache,* for *J. P. Freret.*

SPOFFORD, J. The plaintiff appeals from a judgment discharging a rule which he had taken upon three successive Sheriffs of the Parish of Orleans and upon one *Eugenie Joublanc,* to show cause why he should not be paid the amount of a certain judgment he had obtained against *Lemmerman,* by preference out of the rents and proceeds of the sale of the property seized in the suit of *Lemmerman,* use of *Eugenie Joublanc* v. *H. B. Moëller.*

The record presents a melancholy waste of attachment suits, insolvent proceedings, orders of seizure and sale, injunctions and rules, through all of which the plaintiff has been seeking his money in vain.

We regret that we cannot relieve him. But he has not placed himself in a position to complain of either of the defendants in the rule.

He has no personal judgment against his debtor, *Lemmerman.* He sued him as an absentee, and only brought him into court constructively by a pretended attachment of his property and service of citation, upon a curator *ad hoc.* His judgment, if of any validity, is merely a judgment *in rem,* and could not be executed to the prejudice of third persons upon any other property than the specific property attached.

But in this case *nothing* was attached. The return of the deputy Sheriff is in these words: "Seized in the hands of *Prosper Le Blanc,* clerk of the Fifth District Court of New Orleans, by leaving a written notice of seizure at his office in the hands of *J. S. Bacon,* his deputy, (he being absent at the time,) informing him that I seize in his hands all the goods, chattels, &c., &c., which he might have in his possession, or under his control, belonging to the defendants, and especially all the right, title and interest, of said defendant, in and to a certain suit entitled *C. Lemmerman,* for the use of *Eugenie Joublanc,* v.

*Martin H. Moëller*, &c., and also the right, title and interest of said *C. Lemmerman*, in and to the notes filed in said suit, from which seizure nothing came into my hands; and on the 26th, &c., I seized in the hands of *Martin H. Moëller*, by handing him in person a written notice similar to the one above described, in which I informed him that I seized in his hands especially, all the right, title, and interest of *C. Lemmerman*, in the suit above mentioned, as also the notes filed in said suit, from which seizure nothing came into my hands." No one was cited in garnishment.

An attachment so purely imaginary as this, can confer no real rights. The Code of Practice makes it the imperative duty of the Sheriff in serving a writ of attachment " to *seize* and *detain* the property of the debtor, whether it consist of goods, effects, rights, credits, or *right of actions*.  C. P. Art. 256.  He must take charge and *keep possession* of all the goods and effects which he may have attached, with the exception of such sums as may be due by the garnishee, and he must make, in the presence of two witnesses, an exact and minute inventory of the same, to be returned with all his doings to the court. C. P. 257.

Written evidences of debt, like all corporeal movables, must be reduced to manual possession by the Sheriff, to constitute a valid seizure of them.  If they cannot be thus laid hold of because they are in the hands of a third person who cannot or will not deliver them up, the only mode of procedure is to cite such person as a garnishee.  A debt not evidenced by writing, is attached by making the debtor a garnishee.  Without an actual seizure, or a citation in garnishment, there can be no attachment.  Service of a mere *notice* on the clerk, who is the legal custodian of the records of his court, or even on the debtor against whom a suit is pending, is no more effective than publication in a newspaper would be.  It is not a mode of attaching property pointed out by law.  See *Stanborough* v. *McCall*, 8 An. 10.  *Goodrich* v. *Pattingall*, 7 An. 665.  *Price* v. *Emerson*, 7 An. 237.  *Hanna* v. *Bry*, 5 An. 656.  *Stockton* v. *Downey*, 6 An. 584, and the cases there cited.

We conclude, that the plaintiff is without interest to inquire whether *Eugenie Joublanc* has forfeited her right of pledge in the *Moëller* notes; whether she has diligently prosecuted her order of seizure and sale; or whether the Sheriffs have squandered the rents.

In coming to this conclusion, we have not overlooked the fact, that two of the *Moëller* notes appear, at. one time, to have been actually attached at the suit of *Woodworth* v. *Lemmerman*.  But that attachment was sued out from another tribunal, in a totally different suit, of which we get only a glimpse in the record before us.  The plaintiff bases his claim in the rule primarily upon an attachment and judgment obtained in the Fifth District Court.  Of the validity of that attachment alone, are we called upon to speak.

There is no error in the judgment complained of.  It is therefore affirmed with costs.