No. 7648.

M. F. McDonald vs Mechanics' & Traders' Insurance Company. On Rule against J. P. Harrison Jr. & Co.

Whilst, in the Attachment of incorporeal rights, there must be either an actual seizure of the written evidences of the rights or credits, or a citation in garnishment,—for the seizure of such rights under the writ of *fieri facias*, notification to the debtor of the credits, is sufficient. Garnishment process in the latter case is only an auxiliary and cumulative remedy.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers*, J.

W. S. Benedict and J. P. Hornor for Plaintiffs in Rule and Appellees :·
First—Therefore, the only remaining question is in reference to the seizure of McDonald's interest in the hands of the Clerk of the Court. The Court below holding that it was no seizure at all, and Harrison acquired no rights thereby.

In the case of Daley vs. Cunningham, 3 A., 55, it was held :

"A judgment could not be attached by a seizure in the hands of the Clerk of the Court by which it was rendered, who is merely a keeper of its records, having no legal possession of, or control over it.

This is exactly the case now before the Court, and we think conclusive on the issue."

Second—The only mode by which the sheriff can proceed under a writ of *fieri facias* to seize the rights and credits of a debtor in the hands of a third person are very clearly and distinctly laid down in Article 246 of the Code of Practice, and section 1523 of the Revised Statutes. The last section of Article 246, C. P., reads as follows :

"The property and effects in the possession of a third person, belonging to the defendant, or debts due by him to such defendant, shall be decreed to be levied on as by the sheriff from the date of the service

of the interrogatories on such persons. And no seizure shall bind any property, money or effects, rights or claims in the hands of a garnishee, either under process of attachment or *fieri facias*, unless service of the interrogatories has been personal upon such garnishee."

It has been repeatedly held that until the interrogatories are propounded there is no legal or valid seizure against the property in the hands of a third person. Mere notice of a seizure is not sufficient. The law and the decisions on this subject are direct, clear and positive, and must be strictly complied with, otherwise the whole proceeding is null and void.

Third—And it is further urged that said writ of fieri facias had expired when the rule was tried. Section 3415 Revised Statutes prescribes the method by which a sheriff may proceed after the return day; by keeping a certified copy of the writ and returning the original into court, and authorizing him to proceed to sell under the copy.

In the present case the original writ was retained and not even a copy returned to the Court, and the property seized is therefore released. 2 La., 280 ; 1 Rob. 540 ; 2 Rob., 341 ; 9 Rob. 64.

S. S. Carlisle and McGloin & Nixon for Defendant in Rule and Appellant :

First—Service of interrogatories was not necessary. The claim seized was an incorporeal right. Garnishment is only auxiliary and cumulative. 23 An. 346.

Second—The original writ of *fieri facias* was retained by the Sheriff of this Parish beyond the return day, as he should do under the law. Rev. Sta. § 3415. 2 La. 280 ; 30 An., 88 ; 5 An. 237 ; 2 An. 361 ; 12 Rob. 13 ; 11 Rob. 66.

The opinion of the Court was delivered by

FENNER, J. William H. Jack, as the agent of sundry creditors of McDonald, received from the latter a transfer, with subrogation, of all his rights as plaintiff in the above suit against the Mechanics' and Traders' Insurance Company. The subrogation was entered of record in the suit on the 15th of February 1879, and notice thereof was served on the defendant Insurance Company on the 19th of the same month. This was the first notice the Insurance Company had of the transfer.

It is elementary that the transfer only took effect, with regard to creditors of McDonald or other third persons, from the date of notice to the debtor, viz : the 19th of February.

J. P. Harrison Jr. & Co, creditors of McDonald, having obtained judgment against him in the Court of the Parish of Natchitoches, his

domicil, issued a writ of fi. fa. addressed to the Sheriff of the Parish of Orleans ; under which the said sheriff seized the right, title and interest of McDonald in and to the said suit, by notices to the Clerk of the Court served on February 1st, and to the Insurance Company served on February 3rd.

On the 15th of February 1879, a rule was taken upon J. P. Harrison Jr. & Co ordering them to show cause why the seizure made under their writ of fi. fa. should not be quashed and set aside, on the grounds that McDonald had parted with his interest in the claim against the Insurance Co. prior to the institution of the suit, with the full knowledge and assent of Harrison & Co., who were thereby estopped from questioning the validity of the same.

These are the issues and the only issues tendered by the rule.

We have examined the record with great care and find no proof that J. P. Harrison Jr. & Co. ever assented to, or were even cognizant of the transfer. The only allusion we find to that subject is a vague statement in the testimony of .Mr. Jack, that a Captain Johnson, who, he says, was the agent of J. P. Harrison Jr. & Co, was personally cognizant of the transaction. The nature and extent of the agency is not disclosed ; nor are we able to perceive why mere knowledge that such a transaction was attempted, should prevent a creditor from trying to defeat it.

The rule was tried and made absolute, quashing the seizure of Harrison & Co, on the ground that it was null and void for want of citation in garnishment and interrogatories to the debtor of the claim sought to be levied on, notwithstanding due notification of seizure to said debtor from which judgment this appeal is taken.

This is error, resulting from a failure on the part of the Judge *a quo* to distinguish between the rules applicable to seizure of incorporeal rights under the writ of attachment and under the writ of *fieri facias*.

In the case of Stockton vs. Downey 6 An. 585 and Woodworth vs. Lemmerman 9 An. 524, it was held that without an actual seizure or a citation in garnishment, there can be no attachment.

On the other hand, in the cases of Rightor vs. Slidell, 9 An. 606 and Safford vs. Maxwell 23 An. 347, it is as distinctly decided that, so far as writs of *fi. fa.* are concerned, the Act of 1839 authorizing garnishment proceeding under writs of *fi. fa.* did not abolish the former modes of seizing incorporeal rights under such writs, but merely furnished an auxiliary and cumulative remedy ; and that valid seizure might be made, without garnishment, by notification to the debtor.

The reason for this distinction between the respective modes of proceeding under attachment and fi. fa. are well explained in the cases just referred to, and in the learned brief prefacing the case of Rightor vs. Slidell, where all the authorities are discussed.

We therefore think the seizure of Harrison & Co. was valid and effectual and primed the transfer to Jack, notice of which was only given to the Insurance Co. long afterward.

We think the point made here by Counsel for Jack, touching the proceedings of the sheriff in the return of the writ of fi. fa. long after the taking of the rule, is entirely foreign to the issue presented under this rule and cannot be here considered.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed, and that the rule of William H. Jack upon J. P. Harrison Jr. & Co. be discharged and denied—plaintiff in rule and appellee paying costs of both Courts.

In this case, Mr. Justice LEVY recuses himself, having been of Counsel for J. P. Harrison Jr. & Co. in obtaining the judgment against McDonald.