No. 9308.

LEVY, LOEB, SCHEUER & CO. VS. JOSEPH H. ACKLEN. STATE NA-
TIONAL BANK, GARNISHEE.

<div style="float:right">37 545<br>f124 803</div>

It is thoroughly settled that the act of 1839, authorizing garnishment proceedings under writs of *fi. fa.*, did not abolish former modes of seizing incorporeal rights, and that valid seizure of such rights was effected by service of notice of seizure upon the debtor thereof.

The debt due by a bank to a depositor of money, is an incorporeal right. The fact that the writ of *fi. fa.*, was issued to the sheriff of another parish, and the notice of seizure made and served by the latter, does not affect the case. No other officer could execute the writ than the sheriff of the domicile of the debtor of the incorporeal right. C. P. 642.

A PPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

*Thos. J. Cooley* for Plaintiffs and Appellees.

*J. McConnell* and *H. E. Upton* for the Garnishee and Appellant.

The opinion of the Court was delivered by

FENNER, J. On a judgment against defendant rendered by the district court of St. Mary parish, plaintiffs issued a writ of *fieri facias* addressed to the civil sheriff of the parish of Orleans.

On the second of August, 1884, the sheriff served on the State National Bank a notice of seizure of the rights and credits of Acklen in its hands.

At the date of above notice, the bank was indebted to Acklen in the sum of $2018.87.

Acklen, being informed of this seizure, sought to rescue his money from the grasp of his creditor, and, to that end, drew his check for $2000, which he induced the bank to pay upon furnishing his bond with security to hold it harmless.

Petition and interrogatories in garnishment were not served upon the bank, until after this payment, and, in its answers, the bank denied indebtedness except in the amount of eighteen dollars and sixty-seven cents. Upon proceedings traversing the answers of garnishee, and upon proof of indebtedness in the sum of $2018.67 at the date of service of the notice of seizure, judgment was rendered against the bank for the entire amount, from which the present appeal is taken.

The correctness of the judgment depends upon the question whether the service of the notice operated an effectual seizure of the debt due by the bank to Acklen.

The question is not an open one. It has been very deliberately settled by repeated decisions of this Court, that the act of 1839, author-

35

izing garnishment proceedings under writs of *fi. fa.* did not abolish former modes of seizing incorporeal rights under such writs, and that valid seizure of such rights was effected by service of notice of seizure upon the debtor of the rights. McDonald vs. Insurance Co. 32 Ann. 596; Stockton vs. Downey, 9 Ann. 606; Safford vs. Maxwell,ʹ23 Ann. 347.

Our closest scrutiny fails to suggest any ground for not applying this principle to the present case. Whether mere notice of seizure would avail as a seizure of *corporeal* effects in the hands of a third person, is a question not before us.

It cannot be pretended that the money due by the bank to Acklen was a corporeal effect or anything else than a simple debt or incorporeal right, which, prior to the Act of 1839, could not have been seized otherwise than by notice on the debtor of the right.

The writ was properly directed to the sheriff of the parish of Orleans and the seizure could not have been made by any other officer, as expressly provided by C. P. 642.

Aside from the intrinsic correctness of the decisions referred to, the question is of a character peculiarly entitled to the application of *stare decisis.*

Judgment affirmed.