DUSENBURY *v.* LOOKER.

CORPORATIONS — STOCKHOLDERS' MINORITY LAW — MANDAMUS — PARTIES.

    Where the incorporators of a mutual insurance company, pursuant to authority lodged in them, by the act under which the company is organized, to fix the number of directors and the manner of electing them, have vested the power to call the stockholders together for election purposes exclusively in the board of directors, the president and secretary of the company are not the proper respondents in *mandamus* proceedings to compel the reconvening of the stockholders for an election in compliance with the stockholders' minority law, after an election in which the rights of the minority under such law have been disregarded.

*Certiorari* to Wayne; Frazer, J.   Submitted June 2, 1896.   Decided June 30, 1896.

*Mandamus* by Joseph W. Dusenbury against Oscar R. Looker, president, and James H. Cummins, secretary, of the Michigan Mutual Life Insurance Company, to enforce the stockholders' minority law.   From an order denying the writ, relator brings *certiorari*.   Affirmed.

The Michigan Mutual Life Insurance Company is a corporation organized in this State July 8, 1870, under the life insurance act of 1869.   At the annual meeting of the stockholders January 28, 1896, the relator, holding 1,238 of the 5,000 shares of stock in the company, endeavored to enforce the stockholders' minority law of 1885.   3 How. Stat. § 4885a.   The majority refused to vote according to the minority law, and cast 3,655 votes for each of the nine directors to be elected.   The relator multiplied his 1,238 shares by 9, making a total of 11,142 votes, and cast 5,571 for his brother, Will J. Dusenbury, and a like number for himself.   The meeting refused to count his vote

except as a vote of 1,238 for each, and declared the nine persons receiving 3,655 votes each elected. The relator protested against this action, and subsequently notified the stockholders that he would insist on an observance of the minority law as to the manner of voting, and also on an election of the whole number of directors as required by that law. This is an application for a *mandamus* to compel the president and secretary of the company to issue the necessary notices to reconvene the stockholders' meeting for the purpose of holding an election in compliance with the minority law.

*Fred A. Baker*, for relator.

*C. A. Kent*, for respondents.

GRANT, J. (*after stating the facts*). The act under which this insurance company was organized does not provide for the number of directors, nor how they shall be elected, but leaves it to the incorporators in their articles of association to fix the number of directors and manner of election. The original articles provided for 21 members, 7 to be elected each year. A subsequent amendment increased the number to 27. If *mandamus* were the proper remedy, we do not think the proper parties are before the court. Neither the articles of association nor the by-laws impose any duty or confer any right upon the president and secretary to call the meeting. That power is vested exclusively in the board of directors. Besides, the directors are the persons whose right to this office is attacked, and are the proper persons to be made parties to a suit involving their title.

The judgment of the court below, denying the *mandamus*, will be affirmed, with costs.

The other Justices concurred.