Statement of the Case.
MONROE, J.
The petition in this case {which, upon the docket of the district court, appears to bear the number 6,686) alleges: That, in the suit No. 0,496, plaintiff obtained judgment against E. C. Drew Investment Company, E. C. Drew, and others for $28,941.99; that it has caused a writ of fieri facias to issue, which is in the hands of the sheriff; that it believes that the Ouachita Valley Bank, and certain individuals, who are named, have property belonging to the judgment debtor, E. C. Drew, or are indebted to him; that stock of the defendant bank has been issued in the names of said individuals, which was paid for by Drew; that it believes that such stock is in the possession of I-I. L. Gregg, president of said bank, and of G. M. Crook, its cashier, and fears that it will be delivered to Drew during the pend-ency of the suit. Wherefore it prays that the Ouachita Valley Bank and the individuals named be cited to answer the interrogatories annexed to the petition, and that a writ of injunction “issue to the said Ouachita Valley Bank, H. L. Gregg, and Green M. Crook, enjoining * * * them and each of them from delivering to the said E. C. Drew any certificates of stock, or money or other property, now in its possession, belonging to the said E. C. Drew or issued in his name or the names of the above-named persons made garnishees.”'' There were two sets of interrogatories annexed to the petition. One set, bearing the legend, “Interrogatories to be answered by all of said garnishees,” relate to stock of the Ouachita Bank, supposed to have been issued to the individuals named, and which, it was conceded in the argument, were not intended to be answered by the bank. The other set bear the legend, “In-' terrogatories especially to be answered by H. L. Gregg, individually and as president, and Green M. Crook, individually and as cashier.” Writs of injunction, as prayed for, bearing the' title and number (in the district court) of this suit, were served on the Ouachita Valley Bank and on H. L. Gregg and G. M. Crook. A notice of seizure was also served on the bank having the same title and number, and otherwise reading as follows:
“To Ouachita Valley Bank: You will please take notice that, by virtue of a writ of fi. fa. issued by the Honorable Sixth district court, in and for the parish of Ouachita, and to me directed, in the above-entitled suit, I have seized and taken in my possession the following described property, to wit: All property of every nature and kind in your possession or under your control belonging to E. C. Drew, including any and all indebtedness to him.
“This 19th day of Aug. 1909.”
“[Signed] T. A. Grant, Dy. Sheriff.”
“And you are further notified to be at my office, in the city of Monroe, on Saturday, the -- day of -, 190-, at 9 o’clock, to appoint an appraiser and appraise said property.”
Another notice was served, also bearing the title and number of this proceeding, and otherwise reading, in part, as follows:
“To Ouachita Valley Bank, Garnishee:
.“You are hereby cited to declare, on oath, what property, belonging to the defendant in this case, you have in your possession, or in what sum you are indebted to said defendant, and also to answer * * * the interrogatories annexed to the petition of which a copy accompanies this citation,” etc.
The return on the back of this notice (signed by the deputy sheriff) reads:
“Received this citation, together with a certified copy of same and a certified copy of the original petition, order, and interrogatories, in office, on the 18th day of August, 1908, and on the 18th day of August, 1908, I served notice *801 of the seizure on the Ouachita Valley Bank by handing said notice of seizure to H. L. Gregg, president of said bank.”
All of the individuals named as garnishees appear to have answered and to have been discharged. The Ouachita Valley Bank made no answer, and the minutes of the court of September 23, 1908, show the entry:
“Interrogatories on facts and articles taken as confessed, as against the Ouachita Valley Bank, and defendant bank excepts to ruling, on oral motion.”
On the following day the hank moved to vacate the order of September 23d on tbe grounds: That tbe first set of interrogatories were not intended to be answered by it, and that nothing could result if they were taken for confessed. That the second set were not addressed to it, but were addressed to “H. L. Gregg, individually and as president; and to G. M. Crook, individually and as cashier.” That, if it should be considered that interrogatories so addressed were propounded to the bank, then it should be held that the answers, made by the parties named, individually and officially, are the answers of the hank. And that there was no judgment in the suit in which the garnishment was attempted. The motion so made was sustained by judgment rendered September 29th, and the judgment taking the answers for confessed was set aside; but the minutes of October 1st show that the judge “on objection of counsel for defendant bank” (meaning, as we take it, the Bank of Monroe, defendant in the rule in which the judgment had been rendered), refused to sign the judgment. On the same day (October 1st) the defendant bank moved to dissolve the injunction which had been issued against it, on the grounds: That the garnishment proceeding was illegal and ineffective and had been dismissed; that the attempted seizure was illegal, because it purported to have been made under a writ of fi. fa. in the suit of Bank of Monroe v. Ouachita Valley Bank et ah. when, in fact, there was no judgment rendered or writ issued in that'case. On December 17th there was judgment dissolving the injunction, as prayed for, and also dismissing plaintiff’s suit, which judgment was signed on the date mentioned, and from which plaintiff prosecutes this appeal.
The charter of the Ouachita Valley Bank was offered in evidence and was copied in the transcript. It provides for service of citation on the president and on other designated officers, in cases of absence or inability to act; otherwise no special duties are assigned to tbe president, and no duties are assigned to the cashier, save to act as custodian of the seal. The corporate powers are vested in the hoard of directors, “to he exercised by said board, or by such committees of officers as it may appoint, except those specially reserved by law.and by the (this) charter, to the stockholders.”
Opinion.
It will be seen, from the foregoing statement, that the plaintiff, alleging that, in a certain suit (No. 6,496 of the docket of the district court), it had obtained a judgment against E. O. Drew and others, instituted the present proceeding (No. 6,686 of the docket) against certain third persons with a view of obtaining a judgment, or judgments, against them (in execution of its judgment against Drew), by showing, by their answers to interrogatories to be propounded to them, that they were indebted to Drew, or had property in their possession or under their control belonging to him. Plaintiff, accordingly, undertook to levy upon such supposed indebtedness or property by garnishment, and, at the .same time, to make use of the writ of injunction to hold matters in abeyance pendente lite, i. e., until, by means of tbe proceedings in garnishment, it could develop the existence of property and credits *803 and cause the same to he turned over to the sheriff. When, however, the court reached the conclusion that it had taken nothing by the attempted garnishment, its judgment to that effect left nothing for the injunction to rest on, and the whole proceeding, having collapsed, was properly dismissed by a final judgment, in which was included the unsigned judgment of September 29th, which was evidently regarded as interlocutory, and which therefore may be considered as having been brought up by the present appeal. It has been repeatedly decided that, in attachment proceedings, where the sheriff cannot actuallj'- lay hold of property in the hands of a third person, the only mode of procedure is to cite such person as garnishee, and that service of a mere notice on such person is no more effective than publication in a newspaper would be. Woodworth v. Lemmerman, 9 La. Ann. 524; Ealer v. McAllister, 14 La. Ann. 821; Estate of Mille et al. v. Hebert et al., 19 La. Ann. 58; McDonald v. Mechanics’ & Traders’ Ins. Co., 32 La. Ann. 594; Levy, Loeb, Scheuer & Co. v. Acklen, 37 La. Ann. 545. It has also been repeatedly decided that the act of 1839, authorizing garnishment proceedings, under writ of fi. fa., did not abolish former modes of seizing incorporeal rights, and that valid seizure of such rights may be effected by service of notice of seizure upon the debtors thereof. Rightor v. Slidell, 9 La. Ann. 606; Safford v. Maxwell, Sheriff, 23 La. Ann. 345; McDonald v. Insurance Co., 32 La. Ann. 594; Levy, Loeb, Scheuer & Co. v. Acklen, 37 La. Ann. 545. The law, however, seems to contemplate that the person sought to be made garnishee shall be made a party to, and proceeded against in, the suit in which the plaintiff is seeking to obtain, or has obtained, judgment against his debtor. Thus, Code Prac. art. 246, reads, in part:
“If a creditor knows or suspects that a third person has in his possession property belonging to his debtor, or that he is indebted to such debtor, he may make such a person a party to the suit, by having him cited to declare on oath what property, belonging to the defendant, he has in his possession. * * * The person thus made a party to the suit is termed the garnishee. And, whenever a party, plaintiff in a cause, has applied for a writ of fieri facias against the defendant and has reason to believe a third party has property or effects in his possession, or under his control, belonging to defendant, he may cause such third person to be cited to answer, under oath, such interrogatories as may be propounded to him touching such property and effects, or such indebtedness, in the same manner and with the same regulations as are provided in relation to garnishees in cases of attachment.”
See, also, Code Prac. art. 642.
In the instant case, the notice of seizure (though emanating from the court in which plaintiff had obtained its judgment against Drew, and from which the writ of fieri facias had issued) bore the title and number of this independent proceeding, in which no judgment had been rendered and no fi. fa. issued, and it contained the recital:
“That by virtue of a writ of fi. fa. * * * to me directed in the above-entitled suit,” etc.
—which could mean, and did mean, nothing, since the sheriff had no such writ as that described. We therefore conclude that plaintiff took nothing by the notice in question. If, now, we assume that, in a proceeding of this character, in which it is sought to fasten the liability of a judgment debtor upon a third person, the plaintiff in the writ may safely depart from the Code of Practice, which provides that “he may make such a person a party to the suit,” and also provides that “the person thus made a party to the suit is termed the garnishee,” and that he may proceed against such person in a separate suit, and, without notice ef seizure, we find that the plaintiff herein is confronted with the difficulties that the interrogatories which it sought to have taken as confessed, as against the Ouachita Valley Bank, were not addressed to that bank, or even to an officer of that bank, but were described as:
*805 “Interrogatories especially to be answered by H. L. Gregg, individually and,as president; and G. M. Crook, individually and as cashier.”
If, however, they had been addressed to Gregg and Crook, as president and cashier, respectively, of the Ouachita Bank, the result, so far as the bank is concerned, would be the same, since, though a citation in such case, or in any case, may be served upon the officer of a corporation designated for that purpose, it must be addressed to the corporation. State ex rel. Railroad v. Justice, 48 La. Ann. 1417, 20 South. 911; State ex rel. Telephone Exchange v. Voorhies, Judge, 50 La. Ann. 671, 23 South. 871; State ex rel. Watkins v. Land & Timber Co., 105 La. 379, 29 South. 910; Gueble v. Town of Lafayette, 118 La. 495, 43 South. 63.
We therefore conclude that there is no error in the judgment appealed from, and it is, accordingly, affirmed.