(66 South. 959)

No. 20845.

KNOLL et al. v. LEVERT.

In re LEVERT.

(Dec. 14, 1914.)

*(Syllabus by the Court.)*

1. MANDAMUS ⚖=127—CORPORATIONS—OFFI-
CERS—POWERS—STOCKHOLDERS' MEETINGS.

A mandamus will not lie to the president
of a corporation commanding him to call a
stockholders' meeting, where the charter gives to
the board of directors the power to provide for
general and special meetings of the stockhold-
ers, and where the board of directors have not
by resolution or by-law made it the duty of
the president to call such meeting.

[Ed. Note.—For other cases, see Mandamus,
Cent. Dig. § 262; Dec. Dig. ⚖=127.]

2. CORPORATIONS ⚖=507—ACTIONS—PROCESS.

When a corporation is sued, citation must
be directed to the corporation, and not to an
officer.

[Ed. Note.—For other cases, see Corporations,
Cent. Dig. §§ 1971–1974, 1976–2000; Dec. Dig.
⚖=507.]

Mandamus by C. F. Knoll and others
against J. B. Levert. Judgment for plaintiffs
was affirmed by the Court of Appeal, and J.
B. Levert, president of the Shirley Planting
Company, applies for certiorari or writ of re-
view. Judgments reversed, preliminary writ
of mandamus recalled, and suit dismissed.

C. F. Borah and H. G. Bloch, both of New
Orleans, for applicant. Woodville & Wood-
ville, of New Orleans, and Cappel & Cappel,
of Marksville, for respondents.

SOMMERVILLE, J. Plaintiffs, alleging
themselves to be stockholders of the Shirley
Planting Company, and that it was the duty
of J. B. Levert, defendant, to call the an-
nual meeting of the stockholders in and for
the year 1914, ask that a mandamus issue
directed to the said Levert to call the meet-
ing. The petition was subsequently amended
so as to make J. B. Levert, president of the
Shirley Planting Company, the respondent
in the cause, and plaintiffs pray that the
mandamus issue to him as president.

Defendant excepted to the citation ad-
dressed to him as president of the Shirley
Planting Company, on the ground that the
citation should have been addressed to, and
served upon, the Shirley Planting Company,
and, for further reason why the alternative
writ of mandamus should not be made per-
emptory, alleged that he was without authori-
ty, as president of the board of directors of
the said company, to call a stockholders'
meeting, and he set up other grounds of de-
fense in his return.

The alternative writ of mandamus was
made peremptory, which order, on appeal to
the Court of Appeal, was affirmed, and de-
fendant has invoked the supervisory juris-
diction of this court.

[1] The charter of the Shirley Planting
Company was offered in evidence on the
trial; and to that instrument the considera-
tion of the court is confined. No by-laws of
the company were offered and filed; and our
attention has not been directed to any statute
governing the point here involved.

Article 2 of the charter provides that the
domicile of the corporation shall be in the
city of New Orleans—

"where all citations and other legal process shall
be served upon the president, or, in his absence,
upon the vice president, or, in his absence, upon
the secretary and treasurer, or as otherwise
provided by law."

Article 5 provides:

"All of the corporate powers of this corpora-
tion shall be vested in and exercised by a board
of directors, to be composed of not less than
three nor more than six stockholders, the stock-
holders having the right at each annual election
to select such of this number as they may desire,
and to elect them for one year, or until their
successors may be elected and qualified."

The first board of directors was named in
the charter, and it was further provided:

"The board of directors named herein shall
serve until the first Monday of March, 1914, at
which time a new board shall be elected, and a
board shall be elected annually thereafter on
said first Monday in March. * * *
"The board of directors shall have full power

to provide for the general or special meetings of the stockholders and of the board of directors.

"All notice of stockholders' or directors' meetings shall be preceded by notice. * · * *

"All notices of stockholders' meetings shall be by written notice given ten days in advance of the meeting," etc.

The charter does not give to the president of the corporation the right to call meetings of the stockholders; on the contrary, it provides that:

"The board of directors shall have power to provide for the general or special meetings of the stockholders and of the board of directors."

And, until the board of directors shall have provided for the general annual meeting of the stockholders of the corporation by resolution, or by by-laws, or otherwise, the power to make a call for such meeting is reserved by the charter to the board of directors. The record does not show that such power was given to the president.

The mere fact that Mr. Levert is president, without more, does not imply that he has any greater power than any other director. Although there are some decisions to the contrary, this view is sustained by the overwhelming weight of authority. And we so hold in the case of Brewing Co. v. Canton, 118 La. 823, 43 South. 454, in which opinion we quote from Marshall on Corporations, p. 953, to that effect.

In Cook on Corporations (6th Ed.) § 594, it is further observed that, when the charter is silent as to the time and place at which general and special meetings of the stockholders are to be held, notices of such meetings must be given. The charter of the Shirley Planting Company does not fix the time and place of meetings of stockholders, and it clearly provides that "all notices of stockholders' meetings shall be by written notice," etc. The charter, therefore, does not contain any notice in itself of the hour and place of meetings; and, as "it is a general and settled rule of law that notice, in some way or other, must be given to every person entitled to be present at a corporate meeting," notices to stockholders to attend an annual meeting of the stockholders of the Shirley Planting Company should have been issued by the board of directors. Cook on Corporations (6th Ed.) §§ 593, 594.

The charter of the Shirley Planting Company specially provides that "all the corporate powers of the corporation shall be vested in and exercised by a board of directors," which excludes the power of the president to call a stockholders' meeting, in the absence of any authority given to him by the board of directors to call such meeting.

If there was any resolution of the board of directors, or if there is a by-law, to the effect that the president should call the annual meeting of stockholders, it was the duty of the plaintiffs to have offered it in evidence. Dusenberry v. Looker, 110 Mich. 58, 67 N. W. 986.

It therefore follows that, as it was the duty of the board of directors of the Shirley Planting Company to call the annual meeting of stockholders, the mandamus should have been directed to said board, and not to the president of the company. Cook on Corporations (6th Ed.) § 593, and authorities cited there.

[2] Turning now to a consideration of the service of citation, which was originally upon J. B. Levert personally, and, under a supplemental petition, upon him as president of the Shirley Planting Company, it is defective in a suit against the corporation or the board of directors; the citation should have been addressed to the corporation, and served on the president, or upon the board of directors. State ex rel. New Iberia Telephone Co. v. Judge, 50 La. Ann. 671, 23 South. 871; Bank of Monroe v. Ouachita Valley Bank, 124 La. 798, 50 South. 718, 134 Am. St. Rep. 518.

It is therefore ordered, adjudged, and decreed that the judgments of the Court of Ap-

peal and of the civil district court for the parish of Orleans, division B, are reversed and set aside; the preliminary writ of mandamus issued in this cause is recalled; and the suit is dismissed at the cost of plaintiffs in both courts.