(92 South. 50)

No. 25095.

### MICHEL v. MICHEL.

(May 8, 1922.)

*(Syllabus by Editorial Staff.)*

1. Mandamus ⟨⟩151(1)—Properly brought against president of corporation as such to compel calling of stockholders' meeting.

Where the duty of calling a stockholders' meeting to elect directors rested on the president, mandamus proceedings to compel the calling of the meeting was properly brought against him as president, instead of being brought against the corporation or against him individually.

2. Courts ⟨⟩487(4)—Duty of Supreme Court to transfer case to Court of Appeal on its own motion.

If the Supreme Court has no jurisdiction of a case, ratione materiæ, it will transfer the case on its own motion to the Court of Appeal, although no formal motion to dismiss or transfer is made.

3. Courts ⟨⟩224(11)—Value of matter in dispute determines Supreme Court's jurisdiction.

Under Const. 1921, art. 7, § 10, limiting the jurisdiction of the Supreme Court to cases where the amount in dispute exceeds $2,000, the value of the matter in dispute is the test of jurisdiction; the substitution of the word "amount" for "matter" contained in previous constitutions not having changed the meaning.

4. Courts ⟨⟩224(11)—Amount in dispute in mandamus suit to compel calling of stockholders' meeting held within Supreme Court's jurisdiction.

Where a majority stockholder bringing mandamus to compel the calling of a stockholders' meeting for the election of directors alleged that she owned 243 shares of stock worth $24,300, and that defendant, the president, was receiving a salary of $250 a month without rendering any service, and that the directors had voted ultra vires bonuses to themselves and the president and would pay themselves increased salaries and additional bonuses, the amount in dispute exceeded $2,000 so as to give the Supreme Court jurisdiction.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Mandamus proceeding by Mrs. Christine Ballard Michel against F. Ralph Michel, President of the C. J. Michel Clothing Company. From a judgment sustaining an exception and dismissing the suit plaintiff appeals. Judgment annulled. Exception overruled, and case remanded.

St. Clair Adams and John C. Davey, both of New Orleans, for appellant.

Woodville & Woodville, of New Orleans, for appellee.

---

[1] Post, p. 780.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

BAKER, J. . Plaintiff has appealed from a judgment sustaining defendant's exception of want of citation and dismissing this suit. It is a proceeding by mandamus to compel the president of the corporation, styled C. J. Michel Clothing Company, Incorporated, to call a meeting of the stockholders for the purpose of electing a board of directors, and to that end to notify the stockholders, all as provided in the charter of the corporation. It appears that 18 days before the date of the annual meeting or election, as fixed in the charter, plaintiff made written demand upon the president of the corporation to call the meeting and to issue the notices, which he refused to do. Plaintiff avers that she is the majority stockholder; in fact, that she owns 97.2 per cent. of the stock; that, of the 250 shares outstanding, she owns 243; that defendant owns 5 shares; that C. J. Michel owns 1 share; and that F. R. Leaumond owns 1 share.

[1] Defendant's only complaint about the citation is that it should have been addressed either to the corporation, in its corporate name, or to F. Ralph Michel, not as president, but in his individual capacity. In reality, therefore, the complaint is that the suit should have been brought either against the corporation or against the individual, F. Ralph Michel. The suit was brought against and the citation was addressed to F. Ralph Michel, president of the C. J. Michel Clothing Company, Incorporated. The decree, dismissing the suit, was founded upon the ruling of this court in Knoll v. Levert, 136 La. 241, 66 South. 959. The reason why the mandamus proceeding against the corporation in that case was dismissed was that, according to the terms of the charter, it was not the duty of the president, but the duty of the board of directors, to call the stockholders' meetings. The court said:

"It therefore follows that, as it was the duty of the board of directors of the Shirley Planting Company to call the annual meeting of stockholders, the mandamus should have been directed to said board, and not to the president of the company."

By the same token, the mandamus in the case before us was properly directed to the president of the corporation. There is no reason for the contention that the suit should have been brought either against the corporation, in its corporate name, or against the individual, F. Ralph Michel. Plaintiff's demand is not for a judgment against the individual, except to compel him to perform his alleged duty as an officer of the corporation. Why should he not be sued in that capacity in which alone he must perform the duty if the suit should prevail?

[2, 3] It was suggested in the argument, by council for appellee, that this court has not jurisdiction of the case, ratione materiæ, and that therefore the appeal should either be dismissed or be transferred to the Court of Appeal. Although there is no formal motion to dismiss the appeal or to transfer it to the Court of Appeal, we would be compelled to transfer it on our own motion, if we were without jurisdiction ratione materiæ. It is said in appellee's brief that, although the value of the matter in dispute exceeds $2,000, there is no amount in dispute. Our attention is directed to the fact that, whereas article 85 of the Constitutions of 1898 and of 1913 limited the jurisdiction of this court to cases where the matter in dispute exceeded $2,000, section 10 of article 7 of the Constitution of 1921 limits the jurisdiction to cases where the amount in dispute exceeds $2,000. Our opinion is that the meaning and purpose was, as it is now, to limit the jurisdiction to cases where the value of the matter in dispute exceeds $2,000. The substitution of the word "amount" for the word "matter" has not changed the meaning.

[4] The matter in dispute in this case is plaintiff's alleged right to control the management of the corporation's affairs, which, she alleges, are being mismanaged. It is true, her title or ownership of the 243 shares of capital stock, which she alleges are worth $24,300, is not yet in contest in this suit; but it might have been contested in answer to the suit. In fact, we do not know what further defense may be urged or attempted. According to the pleadings before us, the right which plaintiff is attempting to exercise, and which defendant is contesting, exceeds $2,000 in value. Plaintiff avers that the defendant, as president of the corporation, is receiving a salary of $250 a month, and is not rendering any service whatever therefor. If that be true, plaintiff will lose more than $2,000 in every period of eight months and seven days, which period has almost expired since this suit was filed, and will have expired before it can be finally decided. Moreover, plaintiff avers that the directors of the corporation have been committing acts ultra vires, in that, without any authority whatever they have voted and paid a bonus of $1,000 to the president and $2,000 to C. J. Michel for the year 1919, and a bonus of $3,000 to each of them for the year 1920; and that if the president be not compelled to call a stockholders' meeting to elect a new board of directors, whose terms of office have expired, they will pay themselves increased salaries and additional bonuses. According to the allegations of the petition, therefore, plaintiff's alleged rights are in jeopardy to an extent exceeding $2,000. Hence the amount in dispute exceeds $2,000.

The judgment appealed from is annulled; defendant's exception to the suit is overruled, and it is ordered that this case be remanded to the civil district court for further proceedings not inconsistent with the foregoing opinion. The question of costs is to depend upon the final judgment.