185 So.2d 373 (1966)
Daniel N. SILVERMAN, Jr., et al.
v.
Eugene J. GIBERT, Jr., et al.
No. 2147.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1966.
Rehearing Denied May 2, 1966.
Writ Refused June 7, 1966.
*374 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John W. Haygood, New Orleans, for plaintiffs-appellees.
Christovich & Kearney, W. K. Christovich, New Orleans, for defendants-appellants.
Before REGAN, YARRUT and JANVIER, JJ.
REGAN, Judge.
The plaintiffs,[1] Daniel N. Silverman, Jr., Richard Buck, Linda S. Verbois, Paul H. Maloney, Jr., Patrick Hardie, H. Waller Fowler and A. J. Fortier, Jr., filed this suit against the defendants, Eugene J. Gilbert, Jr., John B. Clements, David E. Speeg, Solomon Winokur, Richard J. Batt, Jr., Jules D. Brown and Edward J. Prendergast endeavoring to obtain a writ of quo warranto in order to remove the defendants from the board of directors of the Plantation Nursing Homes of New Orleans, Inc. and to have themselves declared to be the legally constituted board of directors for the reason that they had been properly elected at the annual meeting of the shareholders.
The defendants answered and asserted therein that they were the legally constituted board of directors of the corporation, since the plaintiffs' election occurred at a meeting which had been postponed for a legal cause.
The lower court rendered judgment in favor of the plaintiffs, declaring that the defendants had usurped the position of directors and officers of the corporation, forbidding them to engage in the further performance of the duties of said offices, and ordering them to surrender to the plaintiffs the books, papers, records, and assets of the corporation.
The record reveals that the Plantation Nursing Homes of New Orleans, Inc., is a private domestic corporation domiciled in this city. The defendants were elected as directors thereof at the annual shareholders meeting which occurred on June 30, 1964, and some of them were elected as officers at the initial meeting of the board of directors which, of course, followed the shareholders' meeting. It is conceded by the plaintiffs that the defendants lawfully continued to serve in their respective capacities until the election of the plaintiffs as their successors.
The articles of incorporation, unfortunately, do not specify a date for the annual shareholders' meeting to elect directors. Instead, the date thereof was to be fixed by the board of directors in the corporate bylaws, which the charter entreats the directors to formulate. However, no bylaws were ever enacted by the board, with the result that a particular day for the annual shareholders' meeting was never formally established.
On or about July 15, 1965, the defendant board issued a written notice to the stockholders setting the annual meeting for August 17, 1965 at 7:30 P.M. in the Southern Pine Room of the Roosevelt Hotel in New Orleans.
A short time thereafter, the defendants were informed by Silverman, one of the plaintiffs herein, that he and other stockholders possessed proxies for more than two-thirds of the voting power of the corporation, *375 and that they intended to elect a new board of directors at the annual shareholders' meeting.
On or about August 12, 1965, the defendants called a special directors' meeting at which they adopted a resolution postponing the shareholders' meeting originally called for August 17th in order to complete an audit of the corporation's books so as to check on certain discrepancies which they assert they found in the corporation's payroll account. A notice of the postponement, dated August 13, 1965, was mailed to the stockholders informing them that the annual meeting called for August 17th had been postponed pending a complete independent audit of the corporation's books. The notice did not postpone the meeting until a definite date, but instead stated that due notice would be given of the date on which a future meeting would occur.
In response to this notice, the plaintiffs informed the defendants through the medium of a telegram that it was their opinion that the defendants possessed no authority to postpone the annual meeting and that, as representatives of more than two-thirds of the voting power of the corporation, they intended to disregard the notice of postponement and to attend the meeting as originally scheduled.
Subsequently, on August 17, 1965, a meeting occurred in conformity with the notice dated July 15, 1965. When it was called to order more than two-thirds of the voting power of the corporation was present in person or by proxy and a new board of seven directors, the plaintiffs herein, were elected. Immediately thereafter a special meeting of the newly elected board occurred and Paul J. Maloney, Jr., was elected president, Patrick C. Hardie secretary, H. Waller Fowler vice-president, and A. J. Fortier, Jr. treasurer.
The plaintiffs thereafter informed the defendants of their election and demanded delivery of the offices and property of the corporation. The defendants refused to accede to this request, and the plaintiffs then instituted this quo warranto proceeding.
The foregoing illucidation reveals that the only significant question posed for this court's consideration is whether the board of directors of a corporation which has not formally established a date for the annual stockholders' meeting may validly postpone such a meeting indefinitely once they have issued a notice designating the date, time and place thereof, barring of course, the occurrence of a calamity or some unforeseen disaster.
It is clear that under Louisiana law it is the ministerial duty of the person charged therewith to call the annual shareholders' meeting.[2] Moreover, it is quite well settled that where the date of a regular meeting of the stockholders of a corporation is fixed by its charter or bylaws, the directors possess no power to change the time of the meeting unless the stockholders acquiesce, particularly where the effect of the change is to postpone an election of directors. This is true even when the directors of a corporation are authorized by the charter to make, alter, or rescind the bylaws without stockholder consent.[3] The rationale upon which this rule is predicated is simply the principle that the power to fix the time and place of the annual stockholders' meeting cannot be construed as a power of the incumbents to extend their term of office indefinitely.
This case differs from the cited authorities only to the extent that no definite date had ever been set by the adoption of bylaws to that effect, despite the mandate contained in the charter directing the board of directors to establish a time and place *376 for the annual stockholders' meeting. However, we are convinced that the same rationale is applicable to the facts hereof. Once the board of directors has acted to call an annual shareholders' meeting, its resolution authorizing the date, time and place thereof, has the force and effect of a bylaw. Therefore, in conformity with the foregoing rationale, the board of directors possessed no authority to perpetuate themselves in office by an indefinite postponement of the meeting without the consent of the shareholders.
The defendants insist that they had just cause for voting to postpone the meeting. They offered the testimony of Eugene Gibert who related that shortly before the regularly scheduled meeting he discovered certain irregularities in the payroll account of the corporation. Upon the advice of an accountant and legal counsel he acted in concert with the other members of the board to effect an audit of the corporation's books. Since this audit could not be completed in time for the regularly scheduled meeting, it was their intention to postpone this meeting until the audit could be presented to the stockholders.
A similar excuse for the postponement of a shareholders' meeting was offered in the case of Penn-Texas Corp. v. Niles-Bement-Pond Co.,[4] wherein the board of directors postponed the annual meeting of shareholders for the reason that its accountants were unable to have the annual audit completed in sufficient time for the meeting. They contended therein that their action in postponing the meeting was an exercise of sound judgment for the purpose of permitting the stockholders to vote intelligently after having read the corporation's annual report. In the course of deciding that the postponement was invalid, the organ for the court reasoned thusly:
"The foregoing authorities establish the proposition that a statutory provision for annual elections of directors is a mandate that must be strictly obeyed and that directors have no power to change that mandate nor extend their own terms of office by postponing the date of the annual meeting of stockholders. The rule is a salutory one. No one would argue that an elected public official should be permitted to extend his own term of office. The same reasoning applies to a corporate director who is also an elected official and a servant of the corporate electorate. It would be against public policy to vest in the directors the power to continue themselves in office beyond their statutory term of office. The legislative purpose in requiring annual elections of directors is for the protection not only of the stockholders but also of the corporation's creditors and the public who deal with it, so that if the corporation's affairs are not being properly administered by its directors, they may be replaced at the end of their term.
"In the present case if the annual report is not ready for distribution in time for the April 6 meeting, the situation should be presented to the stockholders at that meeting. They can then decide for themselves whether they want to adjourn the meeting until the report is available. The decision, however, is one for the stockholders to make rather than the directors."
The Louisiana Corporation Statute clearly provides that a shareholders' meeting shall occur at least once in each calendar year.[5] Moreover, it also provides that the board of directors shall hold office for one year,[6] unless the articles or bylaws provide otherwise. It is thus obvious that it was the intent of the legislature to embody in *377 the Corporation Statute, for all practical purposes, the same rationale emanating from the cases referred to hereinabove. The requirement of an annual election and the usual one year term of office for directors clearly reveals that the public policy of this State prohibits vesting in the board of directors the power to continue themselves in office beyond the term for which they were elected.
In view of what we have said hereinabove, we are of the opinion that the board possessed no authority to postpone the annual shareholders' meeting called for August 17, 1965, and consequently the board of directors elected at this meeting is the legally constituted board of the corporation and entitled to their respective offices and, of course, the property of the corporation.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendants are to pay all costs incurred herein.
Affirmed.
NOTES
[1] Defendants filed a motion in this court to add as parties plaintiff the new members of the board of directors of the Plantation Nursing Homes of New Orleans, Inc., Mrs. Betty Maloney, J. Donalson Buck, Harry G. Caire, Edward J. Prendergast and Paul Maloney, III.
[2] State ex rel. Dendinger v. J. D. Kerr Gravel Co., 158 La. 324, 104 So. 60 (1925); Knoll v. Levert, 136 La. 241, 66 So. 959 (1914); and Michel v. Michel, 151 La. 541, 92 So. 50 (1922).
[3] See Elkins v. Camden and Atlantic R. Co., 36 N.J.Eq. 467 (1883); Mottu v. Primrose, 23 Md. 482 (1865).
[4] 34 N.J.Super. 373, 112 A.2d 302 (1955).
[5] R.S. 12:30, subd. A. See also R.S. 12:34, subd. A.
[6] R.S. 12:34, subd. A. See also R.S. 12:30, subd. C, which provides that any shareholders' meeting at which directors are to be elected shall be adjourned only from day to day until such directors have been elected.