HALL, Judge.
This is a mandamus proceeding in which Relators obtained a judgment dated March 20, 1967 ordering and commanding the City of New Orleans, Albert G. Wyler, Chief of the Buildings and Permit Division for the City of New Orleans, and Frank Robin, Chief Building Inspector, to accept Relators’ plans and specifications for the renovation and repair of a certain boat house and to issue a building permit to them “if said plans and specifications are in compliance with the law as of January 20, 1967.” The City of New Orleans, Albert G. Wyler and Frank Robin prosecute this suspensive appeal from that judgment.
The matter was submitted to us on briefs without oral argument.
In their brief appellants assign as error procedural matters only. They contend the judgment appealed from is contrary to law in that:
1. The City of New Orleans itself as a corporate entity is not subject to mandamus, only its officers, department heads and other responsible employees being so subject.
2. Albert G. Wyler and Frank Robin, the individual department heads charged by law with the duty of reviewing plans and specifications and issuing building permits, were never served with the alternative writ of mandamus nor any rule to show cause.
3. Although citations as in ordinary cases were addressed to Wyler and Robin, the service thereof was ineffectual, being neither personal nor domiciliary.
4. A summary mandamus proceeding cannot be converted into an ordinary proceeding.
5. A default taken in a summary matter without prior notice of hearing is contrary to law and the Rules of the Civil District Court.
The record reveals that:
On July 30, 1967 Relators filed their petition praying that an alternative writ of mandamus issue directed to the City of New Orleans. No individual officers or employees of the City were joined therein as defendants or respondents. An alternative writ was issued returnable on February 3, 1967, and service of the writ was made on the City. On February 3rd the return date was extended to February 17th.
On the extended return day the City filed an exception of no cause of action on the ground inter alia that under LSA-C.C.P. Art. 3863 a mandamus to issue a building permit will not lie against the City itself but must be directed to the officer charged by law with the duty of issuing the permit. An answer was also filed by the City. Thereupon testimony was heard on the merits of the case without the exception being passed upon. During the trial of the matter a discussion took place [Tr. 27-31] between the Trial Judge and Relators’ attorney relative to whether a mandamus to issue a building permit could properly be issued against the City as a corporate entity. The Trial Judge was inclined to think that such a mandamus should be directed to the official charged with the duty of issuing the permits, but did not decide the point. At the close of the hearing on February 17th the Judge took the matter under advisement.
On February 23, 1967, the matter being still under advisement by the Trial Judge, Relators, with leave of Court first obtained, filed a supplemental and amended petition making Albert G. Wyler, Chief of the Buildings and Permit Division of the City of New Orleans, and Frank Robin, Chief Building Inspector for the Building Permits Division of the City of New Orleans, parties defendants in addition to the City of New Orleans and prayed that *143 any judgment rendered be rendered against them jointly.
No alternative writ was issued directed to Messrs. Wyler and Robin and no rule or other order requiring them to show cause on a day certain was served on either of them. Instead a citation to appear and answer within fifteen days as in ordinary cases was directed to each of them. Neither personal nor domiciliary service was made on either Wyler or Robin. According to the sheriff’s returns the citations together with copies of the original and supplemental petitions were served February 24, 1967 on “Jack McGuire, Aide.” However the sheriff’s returns do not show where the services were made nor under what circumstances nor do they recite any authority on the part of “Jack McGuire, Aide” to receive service of process for either Wyler or Robin (see LSA-C.C.P. Arts. 1235 and 1265).
On March 15, 1967 preliminary defaults were entered against Wyler and Robin, and on March 20th Relators’ attorney confirmed the defaults by offering the testimony taken in the case on February 17th.
On the date the defaults were confirmed viz. March 20, 1967 the Trial Judge rendered and signed the judgment appealed from.
On June 22, 1967 one of the Assistant City Attorneys filed a contradictory motion for a new trial on behalf of the City of New Orleans. He averred in this motion that although the judgment rendered on March 20th recited that an Assistant City Attorney was present in Court when it was rendered, such was not the case. He further averred that no notice of judgment was served on the City or any of its departments and that knowledge of the rendition of the judgment had not come to the City until June 21st. The motion for a new trial was denied on July 14, 1967.
On July 26, 1967 the City of New Orleans, Wyler and Robin, filed a joint motion for a suspensive appeal which was granted July 27, 1967.
On August 3, 1967 Relators filed a rule to recall and set aside the order of appeal. The rule was dismissed on August 24th. Although nothing appears of record we assume that the Court found that the motion for new trial was timely filed otherwise the motion for a suspensive appeal came too late. Relators are apparently satisfied on this score since no mention is made of it in this Court.
-1-
We are of the opinion that the City of New Orleans itself, as a corporate entity, is not subject to mandamus to compel the issuance of a building permit; that only the particular officer or department head charged with the duty of issuing such permits is so subject. The City Charter specifically charges the Director of the Department of Safety and Permits with this duty.
Pertinent hereto are Articles 3861, 3863 and 3864 of the Code of Civil Procedure (LSA-C.C.P. Arts. 3861, 3863 and 3864). These articles read as follows:
“Art. 3861. Mandamus is a writ directing a public officer or a corporation or an officer thereof to perform any of the duties set forth in Articles 3863 and 3864.”
“Art. 3863. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer or his heirs to compel the delivery of the papers and effects of the office to his successor.”
“Art. 3864. A writ of mandamus may be directed to a corporation or an officer thereof to compel:
“(1) The holding of an election or the performance of other duties re *144 quired by the corporate charter or bylaws or prescribed by law; or
“(2) The recognition of the rights of its members or shareholders.”
Assuming that the Article 3864 applies to municipalities as well as private corporations it is clear that the City of New Orleans, as such, is subject to mandamus only in cases where the City as a corporate entity is charged by law with a specific ministerial duty to perform. The City as a corporate entity is nowhere charged with the duty of issuing building permits, only specific officers of the City are charged with this duty, and under LSA-C.C.P. Art. 3863 only these officers may be compelled by mandamus to issue such permits.
“If a public duty is imposed on a public or private corporation generally, and not on a particular officer or board of officers, a party seeking to have that duty performed may proceed against the corporation as such. If, however, the duty is imposed on a particular officer or board of officers, the party seeking to have the duty performed must generally proceed against such officer or board of officers; he cannot as a rule proceed against the corporation as such to compel it to perform the duty, nor. can he proceed against the corporation to compel it to require the officer to act, although there is also authority apparently to the contrary of this last proposition. * * * ” 55 C.J.S. Mandamus § SO at p. 85.
(See also State ex rel. Kneeland v. City of Shreveport, 29 La.Ann. 658, 662; Michel v. Michel, 151 La. 541, 92 So. 50.)
-2-
As shown in our resumé of the pleadings Relators attempted by supplemental petition to join Albert G. Wyler, Chief of the Buildings and Permit Division of the City of New Orleans, and Frank Robin, Chief Building Inspector as respondents. However neither of these two officers were served with the alternative writ of mandamus. Instead citations as in ordinary cases were directed to each of them. Citation is not what the law requires. The law requires service of the alternative writ (see State ex rel. Watkins v. North American Land & Timber Co., 105 La. 379, 29 So. 910). Mandamus is a summary proceeding (see State ex rel. Brenner v. Noe, 186 La. 102, 171 So. 708; LSA-C.C.P. Art. 2592) and what is required in summary proceedings is service of the alternative writ or rule to show cause assigning a date for the hearing. (See LSA-C.C.P. Art. 2594). Relators prayed for no relief other than that a writ of mandamus issue and this action cannot be converted into an ordinary proceeding by service of citation as in ordinary cases. (See State ex rel. Watkins v. North American Land & Timber Co. supra.) Certainly Relators are not permitted to proceed against the City of New Orleans in a summary manner and against the other Respondents by petition and citation.
But assuming arguendo that Wyler and Robin could be joined as Respondents herein by service of citation instead of by service of the alternative writ or some other rule to show cause, we find that the citations were not properly served being neither served upon them personally nor at their domiciles nor were they served upon any person shown by the sheriff’s returns thereon (or any other place in the record) as having authority to receive service for them. The default judgment rendered against them is therefore a nullity.
For the foregoing reasons the judgment appealed from is annulled and set aside and Relators’ action is dismissed as of nonsuit without prejudice; costs of both Courts to be borne by Relators-appellees.
Judgment annulled and suit dismissed without- prejudice.